### HILL *vs.* WINN.

[Jackson, Judge, was providentially prevented from presiding in this case.]

1. The obligor in a bond for titles can maintain ejectment against the obligee before all the purchase money is due, if a part be due and unpaid.
2. The insolvency of the obligor is no defense to the action; even though he has not paid his vendor for the land, and has himself no title—only a bond for titles. These facts may be ground for rescision, but they are no reason for keeping the land and the purchase money too.
3. An obligee in a bond for titles who went into possession under the obligor, cannot dispute that the latter has sufficient title to maintain ejectment as a means of coercing payment of the purchase money.

Ejectment. Bond for titles. Vendor and purchaser. Before Judge POTTLE. Oglethorpe Superior Court. October Term, 1876.

Winn brought complaint against Hill for a tract of land situated in Oglethorpe county. Hill pleaded the general issue, and that but one of the four purchase money notes, for $598.70 each, is due; that the plaintiff has no title to the land as he holds it under bond from Warren Hawks, and has never paid the purchase money therefor; that plaintiff is insolvent and would not be able to respond in damages for a breach of his warranty; that he ought not to recover because defendant would have paid the first of said notes given by him for the land had it not been for plaintiff's insolvency and his inability to comply with his contract.

The jury found for the plaintiff. The defendant moved for a new trial upon the following grounds:

1st. Because the court erred in refusing to charge the jury as follows: "If you believe that three of the pur-

chase money notes of Hill to Winn have not yet become due, then Winn cannot recover in this action of ejectment." " If you believe that Winn has no title to the land he purchased from Hawks, and owes thereon several hundred dollars of the purchase money, and is insolvent, it is a sufficient reason to excuse Hill from not paying the purchase money note which has become due, and his failure to pay said note does not give to the plaintiff the right to recover in this action, if Winn is not, for the reasons stated, in a condition to comply with his part of the contract."

2d. Because the court erred in charging as follows : " The insolvency of Winn has nothing to do with this case, if Hill bought the land from him with a knowledge of the condition of Winn's title at the time he bought."

The motion was overruled and the defendant excepted.

SAM. LUMPKIN, for plaintiff in error.

J. D. MATHEWS, for defendant.

BLECKLEY, Judge.

1. When title is retained as security for purchase money, the security ought to be available as soon as the debtor puts himself in default. The duty of paying the first instalment is as perfect as the duty of paying the last. If the purchaser seeks to retain the possession of the land as against the better title, let him pay according to his undertaking. Why should he have more time than he has stipulated for ?

2. The insolvency of the vendor is no defense to his action for the land. Because he is insolvent, must he lose his land ? This would be a hard rule. It is said, however, that he has not paid his own vendor, and that he has only a bond for titles, and, therefore, could not make a conveyance. But, perhaps, the very use he has for the land, or for the money which he has bargained it away for, is to pay his vendor. If he is limited in his resources, the reason for his having full command of them is but the stronger. How

can he pay, when the man to whom he has sold, or contracted to sell, will neither pay nor yield possession? Inability to convey may be ground for rescision; but surely a purchaser from one who cannot make titles, is not to be tolerated in keeping the land and withholding payment of the purchase money too. If he can render a reason why his vendor should not be trusted with the money, let him pay the money into court, and have the proper steps taken to apply it to the debt of his vendor, and thus render the latter able to convey.

3. The point that the vendor cannot recover in this action, because the real legal title is outstanding in his vendor, is not well taken. The defendant acquired possession under the plaintiff, and in this action is estopped from denying the plaintiff's title. Let him give up the land or pay for it. How can he avoid doing one or the other? He can take his choice, but cannot be allowed to retain another's property without paying for it according to contract.

Cited in the argument: 39 *Ga.*, 197; 40 *Ib.*, 32; 33 *Ib.*, 122; 29 *Ib.*, 25; 30 *Ib.*, 336.

Judgment affirmed.