# FIFTH DISTRICT, 1894.

## Mrs. Lou F. White v. John H. Cole.

### No. 572.

1. **Superior Title—Reservation of Vendor's Lien.**—Where there is a sale of land, and a lien is reserved in the deed for the purchase money, the sale is executory, and the superior title remains in the vendor.

2. **Same—Rescission—Equities of Vendee.**—If the vendee has paid a part of the purchase price, or made valuable improvements, or is entitled to other equities growing out of the contract, his mere inability to pay will not deprive him of such equities in a suit for rescission of the contract.

3. **Same—Note Barred—Rights of Vendor.**—If the note for the purchase money becomes barred by limitation, and in a suit for such purchase money the vendee refuses to pay, and pleads the statute of limitations, thereby forcing the vendor to abandon his suit for the purchase money, and proceed by an action of trespass to try title to recover the land, such vendee relying alone upon his legal defenses to such action, the superior title is in the vendor, and must be so decreed.

4. **Same—Transfer of Note and Title.**—Where such vendor sells the purchase money note, and also deeds to the purchaser of the note the title to the land, such transferee stands in the exact attitude of the original vendor, and holds the superior title to the land until the purchase money is paid.

5. **Same—Equitable Title of Vendee.**—In this State the vendee in such executory contract, holding under deed, procures only an equitable title to the land, which he can ripen into a legal title by payment of the purchase money.

Appeal from Dallas. Tried below before Hon. R. E. Burke.

*Thomas & Turney*, for appellant. (The brief for appellant failed to reach the Reporter.)

*R. D Coughanour*, for appellee, on motion for rehearing.—1. The court erred in assuming, in the absence of evidence on this point, that the assignments by Martin Shultz to appellant of the $1000 note, and the execution of his quitclaim deed to her, were one and the same transaction and of even date. The indorsement on the note is presumed to have been made at the date of the note. Watson v. Flannagan, 14 Texas, 354.

2. The court erred in deducing, as a rule of law, that appellant is the owner of the note and the land under deed from Shultz, and the note not having been paid in whole or in part, the superior title to the land is in her, and she is entitled to recover.

It may be, in an executory contract for the sale of land, the vendee being in default, that the vendor may treat the contract as abandoned, and sell the land to another; or that he may assign the unpaid vendor's lien note and sell his superior title with it. If so, there must be a conveyance of the legal title of the land to the assignee of the note, consummated at the same time of the assignment thereof—it must be one and the same transaction. Such seems to be the language of the law as employed in the case of Hamblen v. Folts & Walsh, 70 Texas, 132; and in that case, which appears to go further than any other in support of the doctrine of superior title, the decision is made to turn upon the very questionable doctrine of public policy.

3. The court is in error in holding this to be an executory contract as between appellant and appellee, and that the superior title is in appellant. The deed from Martin Shultz to appellee, reserving the vendor's lien and the note of $1000 from appellee to Shultz, were dated simultaneously on February 20, 1886, and the note was to become due in one year after the date thereof, i. e., February 20, 1887. Shultz sold the note before maturity to appellant, and it was barred by limitation on February 20, 1891. Appellee obtained from Shultz a quit-claim deed of all his title and interest in the land, July 7, 1891, and brought her suit September 7, 1891.

Appellee admits that the deed from Shultz to him was an executory contract, and that Shultz, as his granter, in making said deed, retained the superior title to the land in controversy; but he further says, that when Shultz assigned the note to appellant, that it not only carried with it the lien on the land as an incident to the debt, but left no further interest in or title to the land in him. In effect, it was the same as if he had accepted payment of the note instead of transferring it as he did do; that no title to the land nor interest in it remained in him that could descend to his heirs or be conveyed to another, and that appellant acquired no superior title to the land by reason of his quitclaim deed from Shultz. McCamey v. Waterhouse, 80 Texas, 340;

Franklin v. Cassady, 62 Texas, 418; Cassady v. Franklin, 55 Texas, 452; 1 Posey's U. C., 538; Baker v. Compton, 62 Texas, 252, 262.

LIGHTFOOT, CHIEF JUSTICE.—This is an action of trespass to try title in the usual form, brought by appellant to recover about four acres of land in Dallas, and for rents and damages. The defendant below, appellee, pleaded not guilty, and the statute of limitation of four, three, five, and ten years. There was judgment below for defendant, from which this appeal is taken.

The facts were substantially as follows: On February 20, 1886, Martin Shultz was the owner of the land in controversy, and sold the same to appellee, John H. Cole, for $3000, payable as follows: (1) $1000 in cash; (2) two notes of $500 each, due by Shultz to Alford, which were assumed by Cole; (3) a note for $1000 from Cole to Shultz, due in one year, with 12 per cent interest per annum, and 10 per cent attorney's fees if collected by legal process, which was secured by a vendor's lien reserved in the face of the deed. The two $500 notes were paid by Cole to Alford; but the $1000 note has never been paid.

On September 7, 1891, appellant, as owner and holder of the $1000 note, brought suit thereon in the District Court of Dallas County against appellee, who refused to pay the same, and pleaded the statute of limitation of four years in bar of the note. By subsequent pleadings, appellant changed the suit to an action of trespass to try title for the land in controversy. To this appellee pleaded the general issue in trespass to try title, and three, five, and ten years' statute of limitation. There was a judgment in favor of appellant for the recovery of the land, October 5, 1892, which was set aside by the court below at the same term, and a new trial granted. Upon a subsequent trial, judgment was rendered for appellee.

Appellant is the owner of the note and the land under deed from Shultz, and the note not having been paid in whole or in part, the superior title to the land is in her, and she is entitled to recover.

From the conclusions of law filed by the learned court below, his decision was made upon the following ground. The court says:

"1. While the deed from Shultz to defendant Cole is an executory contract, yet the court finds, that the plaintiff has only the right Shultz would have had in the land if he had not conveyed to her. And if Shultz, without conveying the land to plaintiff, Mrs. White, had brought suit to collect the note, that would have been an election by him to affirm the contract of sale to Cole, and Shultz could not afterward have maintained a suit to recover the land, which would have been virtually a suit to rescind the sale. And in this case, plaintiff, Mrs. White, having brought suit for judgment for the amount of the note, claiming that it had been assigned to her by Shultz, can not now recover the land."

This conclusion is erroneous, and is attacked by appellant by proper assignment of error. The rule as laid down by the Supreme Court of

this State is clearly set forth in the opinion of Judge Gaines, in the case of McPherson v. Johnson, 69 Texas, 487, as follows:

"Under the rule of decision in this court, the contract pleaded was executory. The plaintiff made no offer in his pleadings to pay the purchase money. On the contrary, he set up the statute of limitations to the intervenor's prayer for judgment on the note. The vendee in an executory contract who has not paid the purchase money must at least offer to pay, in order to enforce the agreement. The vendor's right of action on his debt may be barred, and his privilege of election thereby lost, but the vendee is not relieved of his obligation to pay the debt, if he would hold the land. The debt remains though the right of action be barred (Fievel v. Zuber, 67 Texas, 275); and without an offer to pay it, the vendee, if in possession, can not defeat the suit of the vendor for the recovery of the land; nor if out of possession can he recover against the vendor or any one holding under him. We think these principles well settled in this court, and that they need no further discussion. Harris v. Catlin, 53 Texas, 8; Jackson v. Palmer, 52 Texas, 434; Baker v. Ramey, 27 Texas, 53; Dunlap v. Wright, 11 Texas, 604; Burgess v. Millican, 50 Texas, 397 It is unnecessary for us to consider what would have been appellant's right had he made an offer to pay

"It is insisted, however, that plaintiff's vendor, having elected to bring suit upon the note, thereby affirmed the contract and lost his right to claim the land. But we take this to be the rule: If, after such default as justifies the vendor in rescinding the sale, he proceeds for the price, he loses his right of rescission; provided, the vendee avails himself of his privilege to pay the debt. But the contract still remains executory, and the latter can not by pleading limitations defeat the action for the debt, and still claim the land under a contract with which he has refused to comply."

The same learned judge, in the case of Lanier v. Foust, 81 Texas, 189, says: "A deed conveying land and reserving a lien upon it for the unpaid purchase money is treated in this court as an executory contract, and it is accordingly held, that whenever the vendee refuses to pay, the vendor may claim an immediate rescission, and may recover the land."

In the case of Pierce v. Moreman, 84 Texas, 601, Judge Stayton, in a full discussion of the rights of a delinquent vendee under an action of trespass to try title, says: "In Cattle Company v. Boone, 73 Texas, 556, it was said: 'This suit being to recover the land, defendants were required to plead their defenses and make or tender payment of the purchase money before judgment, and not afterward. If the defendant in such case, where the suit is by one holding the title for the recovery of the land, elect to depend upon the ordinary defenses, such as title in themselves or outstanding title in another, the statute of limitations, or the inability to show title in himself by the plaintiff,

they may do so by the usual modes of pleading and evidence; but in such a case as this, the party in possession without title, but with the equitable right to acquire it by the payment of a sum of money, desires to have that relief, he must come, as suggested in Ufford v. Wells —'doing equity before he can ask equity, and redeem by payment of the purchase money;' doing this, under appropriate allegations, his equities can still be enforced.  52 Texas, 620.'  We think a vendee so situated and failing to pay the purchase money before suit, if the vendor elects to sue for the land, can only get protection through a court of equity by bringing the money into court and placing it in the power of the court.  The defendants not having paid or tendered the balance of the purchase money or pleaded an unconditional offer to pay it, but having resorted to the defenses usually made in actions to try title, we think that upon their failure to establish these defenses plaintiff was entitled to have a judgment for the land to which he established title."

In the same case the court says, on page 602:  "If the vendors of Farrell and Kendrick had sought to recover the land from them and their vendees on account of the failure to pay the $1500 last falling due, this ought not to have been permitted after the purchasers had paid $4000 of the purchase money, unless they were unwilling to pay the balance; and their *inability* to do this ought not alone to be deemed sufficient to authorize a recovery of the land by the vendor.  In such a case, the clearest principles of right would require that the vendor enforce his demand against the land by its sale, at which he or any other person might buy; but in such case any money derived from the sale and not necessary to discharge the debt due to the vendor would belong to the person who had made an executory contract for the land, or to some person entitled through him."

In this case there was not only a refusal to pay, but a plea of the statute of limitation of four years against the debt.  When suit was brought to foreclose, appellee thereby not only showing an *unwillingness* to pay the balance, but actually forcing an action of trespass to try title for the recovery of the land, and by his pleading under a strict action of trespass to try title, relying wholly upon his legal rights upon a test of title.  In such a case, the superior title being in appellant, she is entitled to recover the land.  Hale v. Baker, 60 Texas, 219; Keys v. Mason, 44 Texas, 140; Harris v. Catlin, 53 Texas, 1; Rosevelt v. Davis, 49 Texas, 473; Estes v. Browning, 11 Texas, 237; Robertson v. Wood, 15 Texas, 4.  These authorities settle the question of limitation—the only real defense interposed to the action of trespass to try title—and in the last named case, page 4, it is said by Judge Wheeler:  "The opinion of this court in the case of Browning v. Estes is relied on by appellee as supporting the instructions and rulings of the court adversely to the defense of the statute.  It unquestionably is, as there stated, 'a settled principle of law, that a pos-

session of land taken under an executory contract for the purchase thereof, is in no sense adverse to the person with whom the contract is made.'" Smith v. Lee, 82 Texas, 124.

In this case, it is clear that the defense of limitation can not be sustained. The land was deeded by Shultz to appellant, Mrs. White, on July 7, 1891, four years, four months, and seventeen days after the note became due. Suit was brought on the note September 7, 1891, and by amendment, the cause was changed to an action of trespass to try title, on December 9, 1891, which was four years, nine months, and nineteen days after the note became due—so that even if the five years' statute of limitation could be applied to such a case, sufficient time had not elapsed after default in payment to sustain it. There was no repudiation of the title under which appellee entered. Smith v. Lee, supra.

It has been held, that where there is an executory contract for the sale of the land, and the vendor has sold and transferred the note, which became barred by limitation, that such transferee, not holding the legal title to the land, can recover neither the money nor the land, but is left without remedy. Stephens v. Matthews, 69 Texas, 341. But in a case where the vendor in such executory contract not only transferred the note, but also deeded to such transferee the legal title to the land, that the note becoming barred by limitation, such transferee could sue and recover from the original vendee the possession of the land. Hamlen v. Folts, 70 Texas, 137. In that case the whole doctrine of equities growing out of the payment of a part of the purchase money, improvements, etc., as well as the legal effect of a plea of limitation on the part of the vendee, are fully discussed and settled, as follows:

"Upon the other proposition the contention is, that in executory contracts, where several notes are executed and the vendee pays one of them, or the vendor transfers one or more of them, the contract thereby becomes executed, and the title to the land vests in the vendee. It is true, that when the vendee is willing to perform the contract, and the vendor has received a part of the consideration, or has delayed for an unreasonable time to ask for a rescission, so that the vendee would have the right to conclude that strict performance on his part would not be insisted upon, and under that apprehension has made valuable improvements on the land; or when for any reason it would be inequitable for the vendor to recover possession of the land, a court of equity will not permit him to do so. And the question at last in every case must be, is a rescission inequitable under the rules laid down by the courts, or has the vendor forfeited all right to perform the contract and obtain the land?

"There is no case that holds that an executory contract has become executed until all the purchase money has been paid, though there are many that hold the vendor will not be permitted to recover the land

on account of part performance by the vendee, and for other reasons also when it would be inequitable, but not because the contract had become executed.

"The appellants, though not the original vendees, undertook and promised to pay the note sued upon, and even indulged at their own special instance and request by appellees for a series of years, and when at last called upon through the courts to perform their undertaking, without any pretense of having paid the note, they invoke the statute of limitations and the plea of stale demand to defeat a recovery. The note being barred, no judgment could be entered upon it. Will the fact that appellants have paid three-fourths of the purchase money and expended $6000 in improvements, and have been permitted to occupy the land for sixteen or seventeen years without interruption, render it inequitable for appellees to assert their superior title to the land, when their claim for the balance of the purchase money is cut off by the plea of the statute of limitations voluntarily interposed by appellants? The court below thought not. The judgment is a righteous one, and should be affirmed."

The doctrine here announced is in harmony with the well settled principles of equity. 3 Pom. Eq. Jur., sec. 1261; see also Moore v. Giesecke, 76 Texas, 551.

The decisions upon this subject are numerous in this State, and not altogether harmonious; but we think there can be no doubt that the following principles are clearly settled:

1. That where there is a sale of land and a lien reserved in the deed for the purchase money, the sale is executory, and the superior title remains in the vendor.

2. If the vendee has paid a part of the purchase price or made valuable improvements, or is entitled to other equities growing out of the contract, his mere *inability* to pay will not deprive him of such equities in a suit for rescission of the contract.

3. That if the note for the purchase money becomes barred by limitation, and in a suit for such purchase money the vendee *refuses* to pay, and pleads the statute of limitation, thereby forcing the vendor to abandon his suit for the purchase money and proceed by an action of trespass to try title to recover the land, such vendee relying alone upon his legal defenses to such action, the superior title is in the vendor, and must be so decreed.

4. That where the vendor in such executory contract sells and transfers the note for the purchase money, and also deeds to the transferee the title to the land, such transferee stands in the exact attitude of the original vendor, and holds the superior title to the land until the purchase money is paid.

5. That in this State, the vendee in such executory contract, holding under deed, procures only an equitable title to the land, which he can ripen into a legal title by payment of the purchase money.

For the errors indicated, the judgment of the court below is reversed, and here rendered for the appellant for the ·recovery of the land in controversy.

*Reversed and rendered.*

Delivered December 5, 1894.

Writ of error refused.