**THOMAS et al. v. MARMAR et al.**
*No. 4001.*

Court of Civil Appeals of Texas. Texarkana.
April 16, 1931.

Rehearing Denied April 23, 1931.

Wynne & Wynne, of Athens, for appellants.

Gentry & Gray, of Tyler, John Broughton and Joe S. Brown, both of Houston, Sam McCorkle, of Mexia, and T. L. Foster, J. W. Timmins, and Martin Row, all of Dallas, for appellees.

WILLSON, C. J. (after stating the case as above).

In the statement above it appears that both appellants Thomas and the Widemans and appellee Marmar claimed to own the title in W. A. Dyer January 30, 1923, to the minerals in controversy—appellants under a deed to them of that date from Dyer, and appellee under a deed to him dated January 13, 1926, from the sheriff of Henderson county. A part of the consideration for said deed to appellants was eight promissory notes, for $120 each, made by appellants to said Dyer, payment of which was secured by a vendor's lien therein and in his said deed expressly retained by Dyer. One of the eight notes was paid. The seven unpaid and the lien securing same, and Dyer's superior legal title to the land as the vendor thereof, were assigned and conveyed by Dyer to Marmar. Under that state of facts, Marmar, as the purchaser of the land at the sale under the judgment obtained in the foreclosure suit, became the owner of the superior legal title remaining in Dyer until the notes made to him by appellants were paid. The notes were never paid. Therefore, we think, the trial court did not err when he denied appellants the recovery they sought. White v. Cole, 9 Tex. Civ. App. 277, 29 S. W. 1148; Howell v. Townsend (Tex. Civ. App.) 217 S. W. 975; Van Valkenburgh v. Ford (Tex. Civ. App.) 207 S. W. 405, 416; Wier v. Yates (Tex. Civ. App.) 237 S. W. 623; Thompson v. Robinson, 93 Tex. 165, 54 S. W. 243, 77 Am. St. Rep. 843; Ufford v. Wells, 52 Tex. 612; Stone Land & Cattle Co. v. Boon, 73 Tex. 548, 11 S. W. 544.

Appellants' contention to the contrary of the conclusion reached by the court below, which we think was a correct one, seems to be predicated, mainly, on the holding in Gardener v. Griffith, 93 Tex. 355, 55 S. W. 314. In that case, it appeared that the administrator of C. Rusk sold and conveyed 425 acres of land belonging to Rusk's estate to W. H. Harris. By virtue of a judgment in favor of the administrator, foreclosing a mortgage lien created by Harris on the 425 acres, a part, and only a part, thereof was sold. The suit was by a purchaser from Harris of a part of the 425 acres not sold under the foreclosure decree. It was against heirs of C. Rusk. The purchaser claimed that the effect of the foreclosure proceedings was to affirm the contract of sale and vest in Harris, the vendee, the legal title to the unsold part of the 425 acres. The Rusk heirs, on the other hand, claimed that the legal title to the land not sold under

the judgment was in them. The contention of the purchaser was upheld by the Supreme Court. As we understand it, that case is so unlike this one on its facts as to render the holding there without controlling effect here. There the foreclosure was on the title of the mortgagor, while here it was on the superior title in the vendor. Van Valkenburgh v. Ford, supra; Wier v. Yates, supra. There the part of the land in controversy was not sold under the judgment, while here the entire tract, including the minerals in controversy, was sold.

Whether it appeared that appellants had rights they were entitled to enforce in a proper proceeding, but could not enforce in a suit of trespass to try title, and what would be proper proceedings to that end, are not questions we are called upon to determine and we will not undertake to determine them.

There is no error in the judgment. Therefore it is affirmed.