HALL v. DALLAS JOINT–STOCK LAND BANK OF DALLAS.

Nos. 11976, 11983–11986.

Court of Civil Appeals of Texas. Dallas.

May 16, 1936.

Rehearing Denied June 13, 1936.

Cameron, Hardin & Bridges and James R. Norvell, all of Edinburg, for appellant.

Renfro, McCombs & Kilgore, of Dallas, for appellee.

LOONEY, Justice.

Hiram E. Hall et al. were sued by the Dallas Joint-Stock Land Bank of Dallas in separate suits, trespass to try title in form, to recover title to and possession of certain lands in Hidalgo county. From adverse judgments, defendant Hall alone appealed. As the questions involved in each are similar, the cases were submitted together, and only one opinion will be written.

The material facts are these: On July 1, 1932, the Land Bank sold, and by separate deeds conveyed, the five contiguous tracts involved, to W. D. Kynerd; the consideration recited in each deed being a series of five. vendor lien notes, and, in each instance, a lien was expressly retained upon the land to secure payment of the notes and interest. The land was sold entirely on credit, each note bore 6 per cent. interest per annum, payable on July 1st of each year, and the principal note, incident to each sale, became due July 1, 1933, 1934, 1935, 1936, and 1937, respectively. Kynerd conveyed the lands to James A. Fry, who assumed payment of the 25 vendor lien notes held by the Land Bank, and later Fry conveyed to Hiram E. Hall, the appellant. No part of either the principal or interest having been paid, the Land Bank disaffirmed the contracts of sale, and on November 24, 1933, filed separate suits against Hiram E. Hall and others to recover the lands.

It is well settled in this state that a vendor in an executory contract for the sale of land, where default is made in the payment of purchase money, may disaffirm and recover the land if he has done nothing to waive that right. In such an action, the original vendee or purchaser under him may, if the facts warrant, oppose disaffirmance and defeat a recovery of the land. Hamblen v. Folts, 70 Tex. 132, 7 S.W. 834; Moore v. Giesecke, 76 Tex. 543, 13 S.W. 290; Lanier v. Foust, 81 Tex. 186, 16 S.W. 994; Lipscomb v. Fuqua, 103 Tex. 585, 131 S.W. 1061; White v. Cole, 9 Tex.Civ.App. 277, 29 S.W. 1148 (writ refused 87 Tex. 500, 29 S.W. 759); Efron v. Burgower (Tex.Civ.App.) 57 S. W. 306; Crain v. National Life Ins. Co., 56 Tex.Civ.App. 406, 120 S.W. 1098 (writ refused); Booty v. O'Connor (Tex.Civ. App.) 287 S.W. 282. However, there is absent from the record any suggestion that. the Land Bank waived its right to disaffirm,

and likewise we think there is absent any showing by·appellant of an equity that would justify a court in refusing the bank recovery. Appellant neither paid nor offered to pay the principal and interest past-due, but insisted that the Land Bank should have been denied recovery of the lands, and that the same should have been ordered sold under foreclosure. The basis for this contention is that oil and gas leases on lands, located about twenty miles distant from the lands in question, sold for around $25 per acre, but the market value of the lands in question was not shown. This evidence merely suggests the probability that the value of these lands may be enhanced by reason of future oil developments.

The court did not err in rejecting this contention; the facts suggested would not have justified a denial of the bank's right to disaffirm these unperformed contracts. Equities that would justify a court in denying a vendor the right to disaffirm and recover lands under such circumstances must arise from the conduct of the parties in relation to the contract itself, such as where the vendee has made partial payments and shows a willingness to perform the contract; or where the vendor has delayed for an unreasonable time to disaffirm, thus inducing the vendee to believe strict performance would not be insisted upon and, under such belief, to make valuable improvements on the land. But we do not think that extraneous facts, such as economic conditions, or probable future developments that may enhance values, as in the instant case, can be urged by a defaulting vendee to defeat recovery of the land by the owner of the legal title (see authorities heretofore cited).

In causes Nos. 11976 and 11986, the further contention is made that, as the superior legal title to seven-eighths of the mineral rights in the lands involved in these suits was outstanding in other parties, the court erred in rendering judgment against the appellant for the entire interest therein.

Assuming, but not deciding, that the superior legal title to these mineral interests was shown to be outstanding in other parties, yet we are of opinion that, under the facts and circumstances, appellant is in no position to urge that matter as a defense to defeat the suit of the Land Bank to recover the lands. Appellant is holding these lands, through mesne conveyances, under

executory contracts by the bank and, in our opinion, should not be permitted to question the validity of the bank's title. In Groves v. Whittenberg (Tex.Civ.App.) 165 S.W. 889, 891, the Amarillo Court, speaking through Judge Hall, said: "It is the general rule that a person who has entered into the possession of land under an executory contract of sale will not be permitted to deny his vendor's title. * * * As said in Page v. Bradford-Kennedy Co., 19 Idaho, 685, 115 P. 694, Ann.Cas.1912C [402] and note, p. 406: 'The contract (of sale) alone does not estop the purchaser to deny the vendor's title. As has been stated, the estoppel arises from the purchaser's having obtained the possession of the land on the faith of the contract. Clee v. Seaman, 21 Mich. 287." The same doctrine is announced in 19 C.J. 1077, § 9, as follows: "Since the doctrine of estoppel is applicable to cases in which defendant has recognized plaintiff's title, ordinarily the defense of an outstanding title in a third person is not available where defendant has entered into possession under plaintiff."

This doctrine is not a denial of the right of a purchaser of land under an executory contract, to show an outstanding legal title in order to establish a breach of the contract to convey, or as a justification for refusing to make further payments on the purchase price. But a vendee is not permitted to retain possession of the lands and refuse to pay the purchase price. Dealing with such a situation, the Supreme Court of Georgia, in Lightfoot v. Brower, 133 Ga. 766, 66 S.E. 1094, used the following language: "The defendant, as vendee in a contract of purchase, could not set up, as a defense to an action by the vendor to recover the possession of the land, that the latter had no title. It was not an issuable defense. Hill v. Winn, 60 Ga. 337; 7 Enc. Pl. & Pr. 319.' The inability of the vendors to make the title which they had contracted to make would give the vendee a cause of action against the vendor for breach of contract, and would justify him in refusing to make further payments on the purchase price, but could not be set up as a reason why he should be allowed to retain possession of the land as against his vendors and at the same time refuse to pay the purchase price. 29 Am. & Eng.Enc.L.(2d Ed.) 706."

Finding no reversible error, the judgments below are affirmed.

Affirmed.