## BUCKNER v. EUBANK.

### No. 5034.

Court of Civil Appeals of Texas. Amarillo.
May 29, 1939.

Rehearing Denied Sept. 18, 1939.

R. L. Graves and Geo. W. Neill, both of Brownfield, for plaintiff in error.

Joe J. McGowan, of Brownfield, for defendant in error.

STOKES, Justice.

This suit was instituted on January 4, 1937, by defendant in error, J. H. Eubank, upon a promissory note in the sum of $500, executed by plaintiff in error, C. L. Buckner. The note was given as the entire purchase price for eighty acres of land located in Terry County and in his original petition defendant in error sought recovery on the note and a foreclosure of the vendor's lien retained in the deed to secure the same. On August 30, 1937, before plaintiff in error filed an answer, the defendant in error filed his first amended original petition in which he changed his cause of action from that of a suit upon the note and to foreclose the vendor's lien to an action in trespass to try title in which he sought to rescind the sale and recover the land on account of the failure of plaintiff in error to pay the note.

Plaintiff in error filed an answer in which he excepted to the amended petition because

it set up a new and different cause of action. He answered by a plea of not guilty, and set up certain items as offsets to the note which, if allowed, would have liquidated it. These items consisted of the value of the mineral rights which had been alienated by a predecessor in the title; certain items alleged to have been paid by him as court costs and attorney's fees in a suit which he had filed and prosecuted in an effort to recover the mineral rights, and certain other items which he claimed to have paid as delinquent taxes on the land.

The case was submitted to a jury upon special issues, in answer to one of which the jury found the rental value of the land during the time plaintiff in error had possession of it was $299.50.

Judgment was rendered in favor of defendant in error for the title and possession of the land and a money judgment in the sum of $139.50, which, according to the record, was the value of the rental as found by the jury, less $160 that had been paid to defendant in error by plaintiff in error, and which the jury found was not intended as a payment on the note.

Plaintiff in error filed a motion for a new trial which the court overruled. He duly excepted to the judgment, gave notice of appeal, and has brought the case here by means of a writ of error.

Plaintiff in error contends the trial court committed error for which the judgment should be reversed upon the grounds, first, that the trial court erred in overruling his exceptions to the first amended original petition of defendant in error, wherein he changed his cause of action from a suit upon the note and to foreclose the vendor's lien to one of trespass to try title. Secondly, that the court erred in refusing to submit to the jury special issue No. 1 requested by him wherein he sought to have the jury find the amount he had expended as court costs and attorney's fees in an attempt to clear the title in the former suit filed and prosecuted by him.

■ As to his first contention, the rule is well established in this state that the mere bringing of an action that has been dismissed before judgment or which is changed by amended pleadings before the trial in which no element of estoppel in pais has arisen is not an election of remedies in the sense that the plaintiff is deprived of the right to abandon his first cause of action and adopt another available one. It has many times been said by our courts that if the vendee makes default in the payment of purchase money notes, the vendor has the election of rescinding the contract and recovering the land or affirming the contract and recovering judgment against the vendee for his debt, with a foreclosure of his vendor's lien. If, however, after filing a suit of the latter nature, the defendant avails himself of the defense of limitation or, if for any other reason it becomes advisable, or the plaintiff desires, to change his cause of action to one of trespass to try title, he has the privilege of doing so at any time before final judgment, provided, of course, no advantage has been gained by him or no detriment has been occasioned the defendant whereby the plaintiff is estopped from doing so. Lewis v. Powell, Tex.Civ.App., 205 S.W. 737; Rick v. Farrell, Tex.Civ.App., 266 S.W. 522; Ufford v. Wells, 52 Tex. 612; Ward v. Green et al., 88 Tex. 177, 30 S.W. 864; Atteberry v. Burnett et al., 52 Tex.Civ.App. 617, 114 S.W. 159; Johnson v. First Nat. Bank, Tex.Civ.App., 198 S.W. 990; Stone Cattle & Pasture Co. v. Boon, 73 Tex. 548, 11 S.W. 544; Jirou v. Jirou, Tex.Civ.App., 136 S.W. 493; Wilson v. Carroll, Tex.Civ. App., 50 S.W. 222.

■ The record in this case shows the original petition was filed January 4, 1937, and the first amended original petition was filed August 30, 1937. No answer of any kind was filed by plaintiff in error until August 31, 1937, and his first amended original answer, upon which the case was tried, was not filed until January 24, 1938. It is not shown that defendant in error gained any undue advantage over plaintiff in error by changing the nature of his cause of action nor that plaintiff in error suffered any detriment by reason thereof. It follows, therefore, that no error was committed by the trial court in overruling plaintiff in error's exceptions to the first amended original petition and his assignments of error upon the action of the court in that regard are overruled.

■ Plaintiff in error next contends the court erred in refusing to give to the jury special issue No. 1 requested by him. By this special issue he sought to have the jury determine the amount of money expended by him in an attempt to recover the mineral rights in the land which he purchased from defendant in error. The record reveals that defendant in error had purchased the tract of land at a sheriff's sale which was conducted under an order of sale issued out

of the district court of Terry County in a suit by the State to recover delinquent taxes due on the land. When he and plaintiff in error negotiated for its sale to the latter, the nature of the title held by defendant in error was discussed and fully understood except that it was not then known by either of them that a former owner had sold the mineral rights to a third person. The sales agreement, according to the testimony, contemplated defendant in error would sell to plaintiff in error such title as he owned and plaintiff in error would file a suit to clear the title. It was afterwards discovered the mineral rights had been alienated by a predecessor in title and plaintiff in error filed the suit which had for its principal purpose the recovery of the mineral rights. Upon a trial of the suit in the district court plaintiff in error failed to recover the mineral rights. They were decreed to the vendee of the former owner of the land. An appeal was taken to this court and the judgment was affirmed. Buckner v. Keny, 109 S.W.2d 361. The basis of the special issue requested and refused by the court and which constitutes the grounds of this assignment of error was that plaintiff in error pleaded an agreement on the part of defendant in error to repay him any amount he should expend as attorney's fees and costs of court in prosecuting the former suit. The assignment of error is not well taken because plaintiff in error failed to establish these allegations by any sort of proof and the amount he had thus expended, therefore, became immaterial. He testified that, in the conversations he had with defendant in error when they were negotiating for the sale of the land to him, he understood defendant in error was to pay these expenses if they were not successful in the litigation. He said: "I was to give him the note for $500.00 and I would clear up the title or carry it through court to perfect title."

Upon being asked who was to bear the expense of the litigation he said: "We never brought that up I don't think. He told me that if it went back to him, why he had me under the impression that he would pay it but he never did say for sure. He never did come out and say it."

Again, in his testimony, he said defendant in error did not agree to pay anything; that he, himself, was to perfect the title to the land. Defendant in error denied positively that he agreed to pay any of the expenses and the only other testimony on the point was that of plaintiff in error's attorney who testified that the parties talked about the matter several times in his office. He said he understood defendant in error was to pay the expenses in the event the litigation was unsuccessful, but that he did not remember the details. These indefinite statements of both plaintiff in error and his counsel were not evidence. At most they were mere impressions and conclusions and were wholly lacking in the substantial elements necessary to constitute the basis of a material issue. Certainly, the trial court was under no obligation to submit the issue when there was no substantial testimony to support it. In the absence of proof of an agreement by defendant in error to pay the expenses of the former suit, no material issue could be made upon the amount paid by plaintiff in error in prosecuting it.

 Another item of setoff to which plaintiff in error contends he was entitled was the value of the mineral rights. His contention in this respect must fall for the same reason that destroys the force of his assignments of error in regard to the expenses of the former litigation. The record is wholly lacking in any sort of proof as to the value of the mineral rights. Plaintiff in error attempted to testify concerning their value but objection to his testimony was sustained because he did not show himself to be qualified to testify concerning their value and no other witness gave substantial testimony concerning the matter. Furthermore, the only suggestion contained in the record as to the value of the mineral rights was the sum of $200. Plaintiff in error testified he did not want the land without the mineral rights but even if he had shown a willingness to waive that feature, he made no tender of the balance due on the note and, granting he was entitled to a credit of the alleged value of the mineral rights, still defendant in error was entitled to recover in the absence of a legal offer of some kind to pay the balance due on the note or a tender in court of that which remained unpaid.

 The jury found the rental value of the land during the time it had been in the possession of plaintiff in error was $299.50. The record shows that during the time plaintiff in error had possession of the land he had paid to defendant in error the sum of $160. While the record does not so state, it is obvious that, in entering the final judgment, the court considered the amount paid as being payments upon the

rental value of the land and deducted the payments so made from the amount found by the jury to be the full rental value. The record does not reveal any ground upon which plaintiff in error was entitled to more and, in our opinion, the trial court entered the proper judgment.

We have carefully considered all of the assignments urged by plaintiff in error and, in our opinion, none of them reveals error. The judgment of the court below will, therefore, be affirmed.