Ernestine VORDENBAUM, Appellant,

v.

Milton O. ACKERMANN et ux., Appellees.

No. 14392.

Court of Civil Appeals of Texas.

San Antonio.

July 28, 1965.

On Rehearing Sept. 8, 1965.

Rehearing Denied Oct. 6, 1965.

Threlkeld, Saegert & Saegert, Seguin, for appellant.

Elbert J. Jandt, Seguin, for appellees.

MURRAY, Chief Justice.

This suit was instituted by Ernestine Vordenbaum on July 12, 1960, against Milton O. Ackermann and wife, Emelie Ackermann, in the form of a trespass to try title action, and in the alternative to set aside a deed executed by her to the defendants, conveying a certain tract of land located in Schertz, Guadalupe County, Texas, and fully described in her petition. The trial court sustained defendants' motion to strike plaintiff's second amended original petition and dismissed the cause, from which judgment of dismissal plaintiff has prosecuted this appeal.

Plaintiff had filed her original petition and her first amended original petition. Thereafter on May 13, 1964, Wilbur Paul Vordenbaum, describing himself as "temporary guardian and grandson and next of kin of Ernestine Vordenbaum," filed a second amended original petition, alleging, among other things, that "Ernestine Vordenbaum is now a patient of and confined to the San Antonio State Hospital and is a person of unsound mind," and praying that he be authorized to prosecute this suit as her guardian, pursuant to the provisions of Rule 44, Texas Rules of Civil Procedure.

On May 20, 1964, the defendants filed their motion to strike this second amended original petition because it did not comply with the provisions of Rules 46 and 49, T.R. C.P., relating, among other things, to original and supplemental petitions, and asked that plaintiff be required to replead.

On December 14, 1964, the trial court signed an order reciting that "On the 21st day of May, 1964, came on to be heard the motion filed herein by the defendants" to strike plaintiff's second amended original petition, and ordering and adjudging that the motion to strike be sustained. There is nothing in this order with reference to a repleader. The court said: "and it appearing on this date, December 14, 1964, that plaintiff desires to stand on his pleadings and not to replead the same after having had a reasonable opportunity to do so, it is further Ordered that this cause be and the same is hereby dismissed, * * *."

Counsel for plaintiff admits that he was present on May 21, 1964, when the motion to strike was presented to the court and argued, but he never heard any ruling made on the motion, and was under the impression that the court adjourned without mak-

ing any ruling upon the motion. It appears that there is no docket entry, or anything of record, indicating that the order to strike was made, until the order was entered on December 14, 1964, containing the orders granting the motion to strike and the motion to dismiss the cause, both in one instrument. Neither order says anything about a repleader having been ordered. The second order merely recites that "plaintiff desires to stand on his pleadings and not to replead * * *." We can hardly deduce from all of this that plaintiff had been ordered to replead and had failed to do so.

■ Under the provisions of Rule 65, T.R.C.P., when plaintiff's second amended original petition was stricken, such action had the effect of restoring as a live pleading plaintiff's first amended original petition, which was a sufficient pleading, unless exceptions should be sustained to it, and in that event the plaintiff's original petition would be restored as a live pleading, on which he would have a right to go to trial unless this pleading was also stricken. Plaintiff's second amended original petition was filed by a temporary guardian on behalf of an elderly lady, alleged to be of unsound mind and confined in an institution. Plaintiff contends he had no notice that he had been ordered to replead. The only thing of record relating to a repleader by plaintiff is the orders entered on December 14, 1964, which do not show that plaintiff had been ordered to replead, they only show he did not wish to replead. The striking of the second amended original petition had the effect of reviving and making the first amended original petition a live pleading, in full force and effect. Under all of these circumstances, the trial court erred in dismissing plaintiff's cause of action. Shaw v. Universal Life & Accident Ins. Co., Tex.Civ.App., 123 S.W.2d 738. Such action was more drastic than sustaining a general demurrer to plaintiff's pleadings. The general demurrer practice is prohibited by the provisions of Rule 90, T.R.C.P.

■ This brings us to a consideration of appellant's contention that the trial court erred in overruling and not sustaining his motion for a summary judgment in his favor. It is true that ordinarily an order denying a summary judgment is an interlocutory order from which no appeal lies, but where the entire cause has been disposed of by a judgment of dismissal, a final judgment, from which an appeal does lie, the appellant will be heard to contend that the court erred in not granting his motion for a summary judgment, if he brings the matter properly before the appellate court. Gulf, Colorado & Santa Fe Railway Co. v. McBride, 159 Tex. 442, 322 S.W.2d 492; Tobin v. Garcia, 159 Tex. 58, 316 S.W.2d 396.

The matter is brought before this Court by a supplemental transcript and a so-called "Bill of Exception No. 1." The trial court ordered Bill of Exception No. 1 filed as a part of the record, but at the same time refused to approve it because the order appealed from "is interlocutory in its nature and as an order overruling a motion for summary judgment, it is not appealable; if held appealable, the exception herein presented is not timely and therefore not allowed."

■ It is plain that the only reason why the trial judge did not approve the bill was that he thought plaintiff was attempting to appeal from an interlocutory order. We feel that in view of the provisions of Rules 372 and 373, T.R.C.P., we should give effect to this bill of exception. It contains principally written documents shown by the supplemental transcript to be on file in the district clerk's office.

■ The record shows that on December 7, 1951, Ernestine Vordenbaum executed a warranty deed to Milton O. Ackermann and wife Emelie Ackermann, to her home in Schertz, Guadalupe County, Texas, based upon a contractual consideration. This deed contained a vendor's lien clause and

further set forth her remedy in case of default in the following language: "Providing that vendor if there be any default in any of the obligations above set out may foreclose the lien herein expressed as provided by law at her option." This deed cannot be regarded as an executory contract but must be regarded as an executed contract. Duke v. Garrett, Tex.Civ.App., 276 S.W.2d 587.

This record does not conclusively show as a matter of law that this fully executed deed was rescinded by the parties thereto. If the record is sufficient to raise a fact issue as to rescission, it could not be disposed of in a summary judgment proceeding. Therefore, the trial court did not err in denying plaintiff's motion for a summary judgment.

For the error above pointed out, the judgment of the trial court dismissing this cause is reversed and the cause remanded.

### On Motion for Rehearing.

Appellant has filed a motion for rehearing herein in which she strenuously insists that we were in error in not rendering judgment in her favor upon her motion for summary judgment which was overruled by the trial court.

Under all the facts herein, we have jurisdiction to reverse and render an order of the trial court refusing a motion for summary judgment where a final judgment has been rendered. Gulf, Colorado & Sante Fe Ry. Co. v. McBride, 159 Tex. 442, 322 S.W. 2d 492; Tobin v. Garcia, 159 Tex. 58, 316 S.W.2d 396.

We have concluded that appellant's contention is well taken and that judgment should have been rendered in her favor, and the cause should not have been remanded for a new trial.

 The record shows that appellees were placed in possession of the property involved by the warranty deed executed by appellant conveying the property to ap-

pellees in consideration of their taking care of her for the rest of her life. Appellant retained a vendor's lien to guarantee that this consideration would be performed. Appellees moved into appellant's home and began caring for her as was required by the deed. After two months, they learned that appellant had previously conveyed her home to her son Roman, and for this reason decided appellant had no title to the land, and so informed appellant and announced that they were abandoning their agreement to care for her. Appellant induced appellees to remain with her on a promise that she would pay them for living with her. After seven more months appellees not having been paid, moved out of appellant's home and left her in full possession of the premises. Thereafter appellees rendered services for appellant, but only as favors, and not in an attempt to pay and perform the contractual consideration provided for in the deed. Thereafter appellant cared for her home, paid the taxes, and kept it up as best she could. After some ten years appellant brought this suit in trespass to try title to her home. Roman Vordenbaum never performed the contractual consideration provided for in his mother's deed to him of her home. Roman has now deeded the property to his mother and there is no outstanding title in Roman's name.

The appellees having abandoned their contract to care for appellant, having abandoned their possession of the property and returned the same to appellant, having made no further effort to perform the contractual consideration, and having not even contended that they can now go back and do that which they contracted to do, they have no defense to this suit in trespass to try title. Appellant, by reason of the vendor's lien expressly retained in the deed, has the superior legal title and is entitled as a matter of law to recover the title and possession of her home. Johnson v. Smith, 115 Tex. 193, 280 S.W.2d 158; Barker v. Temple Lumber Co., 120 Tex. 244, 37 S.W.2d 721; Buckner v. Eubank, Tex.Civ.App., 131 S. W.2d 1099; Hall v. Dallas Joint-Stock Land

Bank, Tex.Civ.App., 95 S.W.2d 200; Tilley v. Kangerga, 83 S.W.2d 787; Toler v. King, Tex.Civ.App., 11 S.W.2d 360; Lewright v. Reese, Tex.Civ.App., 223 S.W. 270.

Appellees do not contend that they performed their contract, but only that appellant came into court with unclean hands, in that she had no title to her home at the time she conveyed it to them. The evidence shows that appellees were not evicted, nor threatened with eviction. Roman's title was defeated by reason of his failure to perform a condition precedent set forth in the deed to him, and any defect in appellant's title is now cured by the deed from Roman to appellant.

Our judgment heretofore entered herein on July 28, 1965, is set aside and judgment here and now rendered reversing the judgment of the trial court dismissing the cause, and rendering judgment in appellant's favor for the title and possession of her home, described as follows:

All that certain tract and parcel of land, part of the G. Malpaz Survey No. 67, Sec. 3, Subd. No. 10, in Guadalupe County, Texas, South of the G. H. & S. A. Railway, described as follows:

BEGINNING at a stake set in the S line of a 30 foot road; 30 feet from the most southern corner of a 30 foot lot conveyed to Lee Vordenbaum on the 17th day of August 1904, recorded in Vol. 24, pages 245/6 of the Deed Records of Guadalupe County, Texas, and 225 feet NE from the New County Road S of the Railway; THENCE NE 266 feet with line parallel to the S line of the lands of Lee Vordenbaum to a stake; THENCE S 40° E 201 feet to stake; THENCE S 50° W 255 feet to stake which is 225 feet N 50° E fr. the New County Road and 285 feet fr. the most east corner of the acre lot conveyed to the Trustees of the German Meth. E. Church; THENCE N 40° W 207 feet to place of beginning and containing one and one-fifth acres of land.

Being that same tract of land described in deed from Wm. A. Schneider et ux. to W. F. Vordenbaum, dated Nov. 29, 1904, recorded in Vol. 24, pages 370/1 of the Deed Records of Guadalupe County, Texas, and being that same tract of land conveyed by Roman Vordenbaum et ux. to Ernestine Vordenbaum by deed dated June 9, 1939, recorded in Vol. 185, pages 130/1 of the Deed Records of Guadalupe County, Texas, to which deeds and the record thereof reference is here made for descriptive and all pertinent purposes.

Reversed and rendered.