IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-94-112-CV





EMILY HOLTKAMP MCELROY; H.N. MCELROY; JERRY O. HOLTKAMP, JR.;

VIRGINIA BENT; MARILYN KAY LIMBAUGH; AND JERRY HOLTKAMP, III,


 APPELLANTS


vs.





FARM CREDIT BANK OF TEXAS AND ADLINIE EWALD RATHMAN,


INDEPENDENT EXECUTRIX OF THE ESTATE OF JOE LEE RATHMAN,



 APPELLEES


 




FROM THE DISTRICT COURT OF BASTROP COUNTY, 335TH JUDICIAL DISTRICT



NO. 19,747, HONORABLE H.R. TOWSLEE, JUDGE PRESIDING



 





PER CURIAM



 Appellants Emily Holtkamp McElroy, H.N. McElroy, Jerry O. Holtkamp, Jr.,
Virginia Bent, Marilyn Kay Limbaugh, and Jerry Holtkamp, III, ("McElroys") appeal from an
order of the district court of Bastrop County striking their second amended petition and their
response to the summary-judgment motions of appellees Farm Credit Bank of Texas and Adlinie
Ewald Rathman, Independent Executrix of the Estate of Joe Lee Rathman. Because the order is
not a final, appealable judgment, we will dismiss the appeal for want of jurisdiction.

 In the cause underlying this appeal, the McElroys sought damages from the Farm
Credit Bank and Rathman for wrongful foreclosure of property the McElroys owned in Bastrop
County. The Bank and Rathman filed motions for summary judgment on the claims the McElroys
asserted against them. (1) The Bank also filed a motion to strike the McElroys' second amended
petition and their response to the summary-judgment motions. On October 27, 1993, the trial
court granted the Bank's motion to strike. The McElroys purport to appeal from this order.

 This order, however, is not a final and appealable order because it does not dispose
of the claims and parties before the trial court. Tex. Civ. Prac. & Rem. Code Ann. § 51.012
(West 1986); New York Underwriters Ins. Co. v. Sanchez, 799 S.W.2d 677, 678-79 (Tex. 1990);
North E. Indep. Sch. Dist. v. Aldridge, 400 S.W.2d 893, 895 (Tex. 1966). The striking of the
McElroys' second amended petition restored their first amended original petition as a live
pleading. Randle v. NCNB Tex. Nat'l Bank, 812 S.W.2d 381, 384 (Tex. App.--Dallas 1991, no
writ); Vordenbaum v. Ackermann, 393 S.W.2d 927, 929 (Tex. App.--San Antonio 1965), aff'd,
403 S.W.2d 362 (Tex. 1966). Accordingly, the claims asserted in that pleading remain before
the trial court.

 By letter dated March 24, 1994, this Court asked the parties to address the question
of the finality of the October 27 order. The McElroys responded that, in striking the second
amended original petition, the trial court disposed of the claims raised in the first amended
original petition. The order of October 27 does not, however, contain any language that resolves
any issue other than whether to strike the McElroys' petition and response to the summary-judgment motion. See Aldridge, 400 S.W.2d at 898. The Bank's response of April 6 states that
the trial court has not yet signed an order denying or granting the motions for summary judgment. 
The trial court, therefore, has not disposed of all issues and parties before it.

 By order dated April 20, 1994, this Court abated the appeal to provide the
McElroys an opportunity to obtain a final judgment in the underlying cause. See Tex. R. App.
P. 60(a)(2), 81(a). We directed the McElroys to ask the district clerk of Bastrop County to
forward the judgment to this Court in a supplemental transcript by May 20, 1994. To date, we
have not received a supplemental transcript that includes a final judgment.

 With certain exceptions not applicable here, an appellate court has jurisdiction only
over appeals from final judgments. Sanchez, 799 S.W.2d at 678-79; Aldridge, 400 S.W.2d at
895. Because the order appealed from is not a final judgment, we dismiss the appeal for want of
jurisdiction.


Before Chief Justice Carroll, Justices Kidd and B. A. Smith

Appeal Dismissed

Filed: June 1, 1994

Do Not Publish 
1. [1] Rathman's motion states that Rathman has asserted a counterclaim against the McElroys;
however, a pleading including this counterclaim in not in the record before this Court.