**NACOGDOCHES INDEPENDENT
SCHOOL DISTRICT**

v.

**R. W. McKINNEY.**

No. B–3826.

Supreme Court of Texas.

July 17, 1974.

Benchoff & Guidry, William D. Guidry and Edmund F. Benchoff, Nacogdoches, for petitioner.

Pye & Dobbs, J. Robert Dobbs, Jr., Tyler, Barrow, Bland Rehmet & Lee, David Bland, Houston, for respondent.

PER CURIAM.

This suit is by the Nacogdoches Independent School District against R. W. McKinney to recover taxes. This Court reversed the Court of Civil Appeals judgment that had affirmed in part the trial court's judgment against R. W. McKinney. 504 S.W.2d 832. Our judgment improperly adjudged the costs in this Court and the Court of Civil Appeals against the School District.

The School District is exempt from payment of any court costs in a suit to recover taxes. Its motion to readjudicate costs is well taken. Electra Independent School District v. W. T. Waggoner Estate, 140 Tex. 483, 168 S.W.2d 645 (1943); City of Waco v. O. O. Owens, 442 S.W.2d 324 (Tex.1969). Also see this Court's order in Whelan v. State, 155 Tex. 14, 282 S.W.2d 378 (1955). As to the winning taxpayer, there has been inconsistency in the above cases as to what portion of the costs should be taxed. We follow *Electra, supra,* which required the winning taxpayer to pay only those costs incurred by him. This follows more nearly the spirit of Rule

127, Texas Rules of Civil Procedure, which provides as follows:

"Each party to a suit shall be liable for all costs incurred by him. If the costs cannot be collected from the party against whom they have been adjudged, execution may issue against any party in such suit for the amount of costs incurred by such party, but no more."

Since this Court still has jurisdiction of the cause, it may, and does now, correct its judgment as to court costs as follows:

All court costs incurred by the defendant, R. W. McKinney, in this Court are adjudged against him and no costs are adjudged against Nacogdoches Independent School District.

All costs in the lower courts shall remain adjudged against said defendant as provided by the judgment of the Court of Civil Appeals, the defendant not having appealed from that portion of the judgment. Reaugh v. McCollum Exploration Co., 140 Tex. 322, 167 S.W.2d 727 (1943).