Elizabeth B. KIMMEY et al., Appellants,

v.

EL CAMPO INDEPENDENT SCHOOL
DISTRICT et al., Appellees.

No. 1295.

Court of Civil Appeals of Texas,
Corpus Christi.

May 4, 1978.

Rehearing Denied June 8, 1978.

Charles H. DuBois, Wood, Burney, Nesbitt & Ryan, Corpus Christi, for appellants.

Robert J. Magner, Gates Steen & Associates, Austin, Homer R. Taylor, Wharton, for appellees.

OPINION

YOUNG, Justice.

This is an appeal from a suit in which appellee, El Campo Independent School District sued Elizabeth B. Kimmey, Individually and as the Independent Executrix of the Estate of J. A. Kimmey, Gibralter Life Insurance Company, and the Haliburton Company for unpaid ad valorem taxes. The State of Texas, Wharton County and the City of El Campo intervened. Gibralter Life Insurance, the Haliburton Company and Kimmey, in both capacities, filed answers, but failed to appear for trial. The trial court entered a judgment in favor of the appellees, the School District, Wharton County, and the State of Texas against all three defendants. Elizabeth Kimmey, in both capacities, is the only defendant who appeals. The record indicates that the School District, Wharton County and the State of Texas were notified of this appeal, but that only the School District filed an appellee's brief.

Appellant asserts two points of error alleging that there was no evidence introduced at trial to establish a cause of action against the appellant and that the cause should be reversed because appellant is unable to obtain a statement of facts in the proceedings below.

█ As to the first point of error the law is clear: where a defendant files an answer, the plaintiff is required to prove his case even though the defendants failed to appear at trial. *Frymire Engineering Company v. Grantham*, 524 S.W.2d 680 (Tex.Sup. 1975). Accordingly, appellees were required to introduce evidence at trial.

The record in this case is conflicting as to what, if any, evidence was introduced in support of the judgment. An affidavit of Jack Morris, court reporter for the court hearing this matter stated:

" . . . [I] was present as the Court Reporter for the trial of Cause No. 2921, styled *El Campo Independent School Dis-*

trict vs. Elizabeth B. Kimmey, Et Al, tried in the 23rd Judicial District Court of Wharton County, Texas, before the Honorable G. P. Hardy, Jr. On September 13, 1977, I was requested in writing by the Appellants Elizabeth B. Kimmey, . . ., to prepare a Statement of Facts in this case.

Because there was no testimony or other evidence offered at the trial of this case, there was nothing for me to report, and I am unable to prepare a Statement of Facts in this case."

On the other hand, the recitals in the trial court's judgment rendered by Judge Hardy state:

" . . . evidence was submitted as to the value of the hereinafter described land; and the Court having heard the pleadings, the evidence and the argument of counsel, . . ."

Moreover, pages 44 through 56 of the transcript contain tax statements which were purportedly introduced during the hearing.

We think the recitals in the judgment and the tax statements in the transcript show that some evidence was introduced to establish a cause of action. See *Hamilton v. Empire Gas & Fuel Co.,* 134 Tex. 377, 110 S.W.2d 561, 566 (Tex.Comm'n App.1937, opinion adopted); *Christian v. Howeth,* 522 S.W.2d 700, 702 (Tex.Civ.App.—Fort Worth 1975, writ ref'd n. r. e.). Appellant's first point is overruled.

▇ Regarding appellant's second point that she is unable to secure a statement of facts of the proceedings below, we agree that this point requires a reversal of the cause.

It is undisputed, as evidenced by the affidavit of the court reporter, supra, that he was requested to prepare a statement of facts but was unable to do so.

In a recent case before our Court, *Garcia v. Kelly,* 565 S.W.2d 112 (Tex.Civ.App.—Corpus Christi 1978, no writ), we stated: "If an appellant exercises due diligence and through no fault of his own is unable to obtain a proper record of the evidence, a new trial should be granted in order to

preserve his right to review. *Morgan Express, Inc. v. Elizabeth-Perkins, Inc.,* 525 S.W.2d 312, 314 (Tex.Civ.App.—Dallas 1975, writ ref'd); *Smith v. Smith,* 544 S.W.2d 121, 123 (Tex.Sup.1976); *Robinson v. Robinson,* 487 S.W.2d 713, 715 (Tex.Sup.1972).

If the appellant was not present and was not represented by counsel when the testimony was taken, and he later discovers that no record was made, the lack of a record cannot reasonably be waived. *Morgan Express,* supra, at 314. Moreover, 'An appellant is not required to undertake to agree with an adversary upon the facts adduced at the trial or to rely upon the unaided memory of the trial judge who decided the merits of the case in order to obtain a Statement of Facts'. *Rogers v. Rogers,* 561 S.W.2d 172, 173 (Tex.Sup.1978)."

Accordingly, we find that appellant Kimmey has exercised due diligence and through no fault of her own is unable to obtain a statement of facts. We hold that the recitations in the judgment and the tax statements in the transcript compel us to reverse the judgment of the trial court and to remand the cause.

Appellee School District contends in its brief, on the other hand, that its claim is liquidated in nature, that it is therefore subject to be determined by the Court without any additional evidence, and that consequently failure to produce a statement of facts does not entitle a defendant to a reversal and remand. Appellee cites *Williamson v. City of Eastland,* 65 S.W.2d 774 (Tex. Civ.App.—Eastland 1933, no writ). *Williamson* is distinguishable, though, in that the defendant in that case did not file an answer. In the instant case, however, the appellant and others did file answers and these answers compelled the appellee to produce evidence at trial, unlike a default judgment and liquidated damages situation. *Frymire Engineering Company v. Grantham,* supra.

Because the respective rights of the appealing and nonappealing parties are so interwoven, we reverse the whole judgment instead of only a part thereof. See *Curtis v. Carey,* 393 S.W.2d 185 (Tex.Civ.App.—Corpus Christi 1965, no writ).

The judgment of the trial court is reversed as to all defendants and the cause is remanded for trial.