**EL CAMPO INDEPENDENT SCHOOL DISTRICT, Petitioner,**

v.

**Elizabeth B. KIMMEY, Respondent.**

**No. B–7755.**

Supreme Court of Texas.

Oct. 4, 1978.

Gates Steen & Associates, Paul Funderburk, Austin, for petitioner.

Wood, Burney, Nesbitt & Ryan, Charles H. Dubois, Corpus Christi, for respondent.

## PER CURIAM.

This case involves an order of the court of civil appeals assessing all costs of appeal against a school taxing authority. The original suit filed by the petitioner, El Campo Independent School District, sought to recover unpaid ad valorem taxes from the respondent, Elizabeth B. Kimmey, Individually and as the Independent Executrix of the Estate of J. A. Kimmey. Gibralter Life Insurance Company and the Halliburton Company were also named defendants and the State of Texas, Wharton County and the City of El Campo intervened on the side of the School District. The trial court rendered judgment for the taxing authorities after the defendants answered but failed to appear for trial. Since taxpayer Kimmey perfected her appeal to the court of civil appeals, only she and the School District have participated in the case. The lower appellate court reversed and remanded the cause on a point not brought as error to this court, and taxed all costs of appeal against the School District. 566 S.W.2d 363.

In its sole point of error, the petitioner contends the court of civil appeals erred in assessing costs of the appeal against it. We agree. Article 7343 provides that all laws of this state promulgated for the purpose of collecting delinquent taxes are made available to cities, towns and independent school districts. Tex.Rev.Civ. Stat.Ann. art. 7343. Accordingly, article 7297 which provides that the state and county are exempt from liability for any costs growing out of a collection suit is available to school districts. Tex.Rev.Civ. Stat.Ann. art. 7297; see *Nacogdoches Independent School District v. McKinney*, 513 S.W.2d 5, 5–6 (Tex.1974); *Electra Independent School District v. W. T. Waggoner Estate*, 140 Tex. 483, 494, 168 S.W.2d 645, 653 (1943). Since cost assessment would be unlawful against any of these taxing authorities, respondent's alternative contention that costs should be charged to the intervenors is without foundation.

Moreover, it appears that a portion of the total costs are to be assessed against taxpayer Kimmey. In *McKinney* this court held that where the taxing authority was exempt from liability for court costs, rule 127 of the Texas Rules of Civil Procedure provides that the winning taxpayer is obligated to pay costs that he or she had incurred.

Pursuant to rule 483 of the Texas Rules of Civil Procedure, we grant the writ of error and, without hearing oral argument, reverse the cost order of the court of civil appeals. The cause is remanded to that court for proceedings consistent with this opinion.