COUNTY OF DALLAS et al., Appellants,

v.

YELLOW CAB OF DALLAS, INC.,
et al., Appellees.

No. 5198.

Court of Civil Appeals of Texas,
Eastland.

Oct. 26, 1978.

Rehearing Denied Nov. 16, 1978.

Giles E. Miller, Asst. Dist. Atty., John E. Kirby and Wm. J. Mayhew, Asst. City Attys., Dallas, for appellants.

Wm. D. White, Jr., White, McElroy, White, Sides & Rector, Dallas, Wm. H. Brigham, Asst. Dist. Atty., Fort Worth, Wayne A. Rohne, Rohne & Hoodepyle, P. S. C., Arlington, Michael H. Bailey and Arthur Petersen, Asst. City Attys., Fort Worth, for appellees.

DICKENSON, Justice.

The issue is which tax authorities should collect the ad valorem taxes on a fleet of 100 taxicabs which serve the Dallas-Fort Worth Airport. City of Dallas, Dallas

County and Dallas Independent School District (Dallas County tax authorities) claim the right to tax these taxicabs because the taxicabs' owner, Yellow Cab of Dallas, Inc. (Yellow Cab) and the taxicabs' operator-lessee, Surtran Taxicabs, Inc. (Surtran) have their home offices within the jurisdictional boundaries of those tax authorities. On the other hand, City of Fort Worth, Tarrant County and Hurst-Euless-Bedford Independent School District (Tarrant County tax authorities) claim the taxicabs have acquired a tax situs within their jurisdiction because the taxicabs' base of operations is located within their jurisdictional areas.

Yellow Cab and Surtran were willing to pay either the Dallas County tax authorities or the Tarrant County tax authorities, but not both. Yellow Cab and Surtran filed a petition for declaratory judgment under Article 2524–1, Tex.Rev.Civ.Stat.Ann. (1965), to determine which tax authorities were entitled to collect the ad valorem tax on the 100 taxicabs. They also tendered into the registry of the court the amount of taxes which had been assessed against the taxicabs by the set of tax authorities which had the higher tax claim. All of the tax authorities filed answers, cross-actions, and motions for summary judgment. Controverting affidavits and exceptions were filed. Yellow Cab and Surtran responded to requests for admission of facts and to written interrogatories, and they produced two of their officers for oral depositions in which all parties participated. The judgment shows that there was no evidentiary hearing.

The trial court's corrected final judgment of January 25, 1978, recites in part that:

On the 14th day of January, 1977, Motions for Summary Judgment were filed on behalf of various parties in the above styled and captioned cause in which Yellow Cab of Dallas, Inc. and Surtran Taxicabs, Inc. are Plaintiffs, and the City of Dallas, Dallas Independent School District, Dallas County and the State of Texas, City of Fort Worth, Hurst-Euless-Bedford Independent School District, and the State of Texas and County of Tarrant are Defendants and Cross-Plaintiffs. The parties appeared in person and by and through their attorneys and waived trial and urged the Court to consider the pleadings, depositions, and affidavits on file, and to render its decision in accordance therewith; and the Court being of the opinion that the property in question has a situs for tax purposes in Tarrant County, Texas, and that the property in question is subject to taxation by the State of Texas and County of Tarrant, and the City of Fort Worth and the Hurst-Euless-Bedford Independent School District, and that the claim of Plaintiffs for attorney's fees should be denied. . . .

The Dallas County tax authorities appeal from the trial court's judgment in favor of the Tarrant County tax authorities. Their first point of error is that the trial court erred in granting judgment for the Tarrant County tax authorities in the absence of proof that the taxicabs had acquired a taxable situs within the jurisdiction of those tax authorities. We agree. The judgment will be reversed, and the cause will be remanded. It will not be necessary to discuss their second point of error.

Yellow Cab and Surtran perfected a separate appeal from that portion of the judgment which denied their claim for attorney's fees. Their only point of error was that the trial court erred in denying their claim for attorney's fees. We disagree. That portion of the judgment will be severed and affirmed.

During the oral submission of this cause, it became apparent that the dispute between the tax authorities had not been fully developed. The judgment recites that all parties "waived trial and urged the Court to consider the pleadings, depositions, and affidavits on file, and to render its decision in accordance therewith. . . ." There was no evidentiary hearing, and the judgment must be reviewed as a summary judgment under Rule 166 ·A, T.R.C.P.

Parties moving for a summary judgment assume the burden of establish-

ing that no material fact issues exist and that they are entitled to judgment as a matter of law. *Swilley v. Hughes,* 488 S.W.2d 64 (Tex.1972); *Glenn v. Prestegord,* 456 S.W.2d 901 (Tex.1970); *Gibbs v. General Motors Corporation,* 450 S.W.2d 827 (Tex. 1970). There is a material fact issue as to whether or not the taxicabs have acquired a taxable situs separate and apart from the tax situs of Yellow Cab and Surtran.

■ Yellow Cab and Surtran cite authority for the proposition that a disinterested stakeholder who has reasonable doubts as to the party entitled to funds or property in his possession, and who in good faith interpleads the claimants, is entitled to an allowance for attorney's fees. *United States v. Ray Thomas Gravel Co., Inc.,* 380 S.W.2d 576 (Tex.1964). We have no quarrel with that general proposition, but it must be noted that no Texas cases have allowed the taxpayer to recover attorney's fees in suits against tax authorities.

Article 7297, Tex.Rev.Civ.Stat.Ann. (1960) provides in part that:

> The State and county shall be exempt from liability for any costs growing out of such action. . . . [for the recovery of taxes due on personal property]

Article 7343, Tex.Rev.Civ.Stat.Ann. (1960) provides in part that:

> All laws of this State for the purpose of collecting delinquent State and county taxes are by this law made available for, and when invoked shall be applied to, the collection of delinquent taxes of cities and towns and independent school districts . . . ..

Article 7345b, Tex.Rev.Civ.Stat.Ann. (1960) authorizes a procedure by which a taxing unit may implead other taxing units having delinquent ad valorem tax claims against the same property. This statute does provide for the recovery of attorney's fees; however, it does not apply to suits filed by the taxpayer.

■ The tax authorities are exempt from payment of any court costs in a suit to recover taxes. *Nacogdoches Independent*

*School District v. McKinney,* 513 S.W.2d 5 (Tex.1974); *City of Waco v. Owens,* 442 S.W.2d 324 (Tex.1969); *Electra Independent School District v. W. T. Waggoner Estate,* 140 Tex. 483, 168 S.W.2d 645 (1943, opinion adopted). This rule is applicable even where the taxpayer files the lawsuit, and the tax authority brings its claim by cross-action. *Lubbock Independent School Dist. v. Owens,* 217 S.W.2d 186 (Tex.Civ. App.—Amarillo 1948, writ ref'd); *City of Bryan v. Texas Services, Inc.,* 499 S.W.2d 750 (Tex.Civ.App.—Waco 1973, writ ref'd n.r.e.). Therefore, we hold that Yellow Cab and Surtran are not entitled to recover their attorney's fees or court costs from the tax authorities.

The Supreme Court's per curiam opinion in *Nacogdoches Independent School District v. McKinney, supra,* states that the winning taxpayer should only be required to pay those costs incurred by him. The Supreme Court cites Rule 127, T.R.C.P., which states that:

> Each party to a suit shall be liable for all costs incurred by him. If the costs cannot be collected from the party against whom they have been adjudged, execution may issue against any party in such suit for the amount of costs incurred by such party, but no more.

■ Yellow Cab and Surtran are liable for all costs incurred by them, but they should not be liable for the costs incurred by the various tax authorities. They will secure the relief sought in their interpleader suit—a determination as to which tax authorities have the right to collect taxes on the taxicabs. Consequently, they should only be required to pay the costs which they incur.

That portion of the trial court's judgment which denied Yellow Cab and Surtran's claim for attorney's fees is severed and affirmed. The remainder of the judgment is reversed, and the cause is remanded.