**PIGGLY WIGGLY, Appellant,**

v.

**Georgia TURNER, Appellee.**

**No. 8666.**

Court of Civil Appeals of Texas, Texarkana.

Feb. 6, 1979.

Mike A. Hatchell, Ramey, Flock, Hutchins, Jeffus, McClendon & Crawford, Tyler, for appellant.

Sherman Kusin, Harkness, Friedman, Kusin & Hooper, Texarkana, for appellee.

RAY, Justice.

This is an appeal by writ of error. Appellee (plaintiff), Georgia Turner, brought suit against appellant (defendant), Piggly Wiggly, seeking damages for personal injuries allegedly sustained in a grocery store owned by appellant. The trial court entered a default judgment in favor of Turner against Piggly Wiggly in the amount of $32,000.00. Appellant has perfected its appeal through its petition for writ of error and submits four points of error for our consideration.

Appellant contends that the judgment of the trial court should be set aside because appellant is unable to obtain a complete appellate record for purposes of review of the judgment below.

The accident upon which suit is based occurred at a Piggly Wiggly store in Arkansas. Service upon appellant in Texas was accomplished through appellee's motion, under Rule 106, Tex.R.Civ.P. (Supp.1978), contending that it was impractical to secure personal service on the appellant. The motion was not sworn, no affidavits were filed in support of it, and apparently no evidentiary hearing was held prerequisite to its consideration. Service was had by a private citizen delivering a copy of the citation and petition to the manager of a Piggly Wiggly store in Texarkana, Texas. No answer was filed by Piggly Wiggly and a default judgment was thereafter taken.

This is a case in which the appealing party, through no fault of its own, is unable to procure a statement of facts. Appellant is entitled to have this court review the evidence, if any, adduced at the hearing regarding substituted service so that this court can determine the sufficiency of such evidence. Appellant's inability to obtain a statement of what evidence, if any, was presented and considered by the trial court entitles it to a reversal. The affidavit of the court reporter for the trial court states, "I have examined my records and notes of proceedings and find that I do not have a transcript of any such hearing. Accordingly, I cannot furnish the transcript requested by Mr. Jeffus for purposes of appeal." The court reporter was referring to the hearing concerning appellee's motion under Rule 106, Tex.R.Civ.P. (Supp.1978), to authorize service upon the appellant by alternative methods.

The law is now settled in Texas that if a party suffers a default judgment, he is entitled to a reversal if, in the exercise of due diligence and through no fault of his own, he cannot obtain from the court reporter a complete record of the evidence, in question and answer form, necessary to preserve his right of review and to present his points on appeal. *Spencer v. Texas Factors, Inc.*, 366 S.W.2d 699 (Tex.Civ.App. Dallas 1963, writ ref'd n. r. e.); *Kimmey v. El Campo Independent School Dist.*, 566 S.W.2d 363 (Tex.Civ.App. Corpus Christi), rev'd per curiam (only as to the improper taxing of costs), 571 S.W.2d 865 (Tex.1978); *Morgan Express, Inc. v. Elizabeth-Perkins, Inc.*, 525 S.W.2d 312, 314 (Tex.Civ.App. Dallas 1975, writ ref'd); *Rogers v. Rogers,* 561 S.W.2d 172, 173 (Tex.1978); 13 Trial Lawyers Forum 31 (1979). Appellant has satisfied all requirements of due diligence by requesting the record from the court reporter and obtaining an affidavit from the reporter that the requested record cannot be provided.

Appellant's second point of error is sustained. The judgment of the trial court is reversed and the cause is remanded for a new trial.

HUTCHINSON, J., not participating.