WALZEM, INC., Appellant,

v.

Mando ROMANO, Appellee.

No. 8349.

Court of Civil Appeals of Texas, Beaumont.

Nov. 1, 1979.

Daniel R. Rutherford, San Antonio, for appellant.

Mortin Baird, II, San Antonio, for appellee.

KEITH, Justice.

Defendant below appeals from a judgment awarding plaintiff the sum of $16,250

together with $700 in attorney's fees in a suit to recover his one-fourth interest in a partnership business. The trial court, in a bench trial, determined that the parties had entered into a written agreement wherein plaintiff would become a partner in the business then owned by defendant. Having made such a determination, the court ordered the defendant to file an accounting showing the net worth of the business so that an appropriate final judgment could be rendered.

Notwithstanding repeated efforts on the part of plaintiff's counsel and the court, the defendant failed and refused to file a proper account of the properties owned by said partnership. Instead, it filed incomplete and skeletal forms of a profit and loss statement. Thereupon, the trial court cited appellant to appear and show cause why plaintiff should not be awarded his one-fourth interest in the business. Neither defendant nor its counsel appeared at the time set for the hearing nor was any accounting filed by the defendant.[1] The trial court then signed a written order on the date of the hearing, reciting the several attempts to secure an accounting and the defendant's default, and continued:

"At this hearing on October 13, 1978, in the 73rd District Court, Bexar County, Texas, Plaintiff presented evidence which established the net value of Defendant's Meat Market business at $65,000.00 as of the date of this hearing on October 13, 1978. Plaintiff's 25% interest in the business amounts to $16,250.00. This Court further awarded Plaintiff's attorney, Morton W. Baird II, attorney's fees in the total amount of $700.00 for which defendant is responsible."

Upon this recitation, judgment was rendered against defendant in the amounts stated.

Defendant includes in the transcript a certificate from the official court reporter wherein the reporter swears that he did not participate in such hearing and, to his knowledge, no other reporter was present or made any record of the testimony introduced.

After the entry of an order overruling defendant's motion for new trial, the trial judge filed an affidavit among the papers in the cause wherein he set out the substance of the testimony upon which he relied in entering the judgment. This affidavit was included in a supplemental transcript, the filing of which was approved by the Fourth Court of Civil Appeals prior to the transfer of the case to this Court.

Although we have no statement of facts, appellant seeks reversal upon points of error challenging the legal and factual sufficiency of the evidence to support the award of the damages. Appellant's present contention does not lend itself to a sympathetic consideration nor does it touch the conscience of the court.

However, the recent changes in the rules relating to statements of fact compel a reversal in this case.[2] While we give full credence to the findings of the trial court, as contained in the supplemental transcript mentioned earlier, appellant's rights are not protected as required by our decisions.

Plaintiff's demand was unliquidated and appellant was entitled to a question-and-answer transcription of the evidence introduced upon the trial of the cause had in his absence. This has been denied to him because the court reporter did not participate in the hearing. Under a line of recent authoritative cases, we are required to order a reversal. See, e. g., *Morgan Express, Inc. v. Elizabeth-Perkins, Inc.*, 525 S.W.2d 312 (Tex.Civ.App.—Dallas 1975, writ ref'd); *Smith v. Smith*, 544 S.W.2d 121 (Tex.1976); *Rogers v. Rogers*, 561 S.W.2d 172 (Tex. 1978); *Kimmey v. El Campo Independent*

---

1. Defendant's counsel filed a lengthy motion for new trial wherein he sought to excuse his non-appearance at the time of the hearing; but, we have no evidence in the record supporting such statements and the motion was overruled by operation of law.

2. See Wilson, "The Statement of Facts as Basis for Review", *State Bar of Texas, Appellate Procedure in Texas § 12.4, at 271, et seq. (1979)*, for an excellent discussion of the subject and the recent changes in the rules governing such questions.

*School Dist.*, 566 S.W.2d 363 (Tex.Civ.App. —Corpus Christi 1978), reversed on other grounds, per curiam, 571 S.W.2d 865 (Tex. 1978); *Flowers v. Flowers*, 585 S.W.2d 334 (Tex.Civ.App.—Dallas 1979, no writ).

In *Flowers*, supra, the court used this language which is dispositive of the question now before this court:

"Under Rule 377, Tex.R.Civ.P., an appellant is entitled to a statement of facts in question-and-answer form, and if, through no fault of his own, after the exercise of due diligence, he is unable to procure such a statement of facts, his right to have the cause reviewed on appeal can be preserved in no other way than by a retrial of the case."

Our action in reversing the case is not to be understood as approval of counsel's action in failing to obey the trial court's orders with reference to the filing of the accounting or his attendance upon court. Such actions on the part of litigants and counsel subvert the judicial process and makes mockery of our attempt to mete out even-handed justice. However, the result which we have reached is required by the law applicable to our fact situation.

A trial judge should ever be cognizant of the rights of all litigants and in *any* default or contempt proceeding he should require the presence of the court reporter at all times and make a complete record of all of the proceedings. In so doing, the rights of all of the parties will be protected and justice prevail.

For the reason herein set out, the judgment of the trial court is reversed and the cause is remanded.