**STATE of Texas, Appellant,**

v.

**J. V. NEVITT, Appellee.**

**No. 20160.**

Court of Civil Appeals of Texas, Dallas.

Jan. 14, 1980.

Rehearing Denied Feb. 26, 1980.

Giles E. Miller, Asst. Dist. Atty., Dallas, for appellant.

Henry J. Ackels, Ackels, Ackels & Ackels, Dallas, for appellee.

Before GUITTARD, C. J., and CARVER and STOREY, JJ.

CARVER, Justice.

The State of Texas appeals from a take nothing judgment in a suit to collect delinquent personal property taxes, penalties, and interest, assessed to a corporation, but asserted here against an individual, J. V. Nevitt. We affirm the judgment of the trial court that the State take nothing against J. V. Nevitt because the State failed to prove Nevitt was personally liable for the corporation's taxes upon any of the theories urged. We also find that no abuse of discretion is shown in the trial court's failure to consolidate this cause with other causes pending. We vacate the assessment of costs to the State which is prohibited by statute.

There is little dispute as to the facts reflected in the record. A Texas Corporation, Nevitt Manufacturing Company, Incorporated, existed from 1955, when its charter was granted, until 1976, when its right to do business was forfeited by the Comptroller of Public Accounts for failure to pay franchise taxes. The corporation was located in Dallas County in 1960 and subsequent years. The corporation rendered its personal property to Dallas County for taxation in 1960, and thereafter it was merely assessed by the tax collector with changes in value dictated by the scheme of taxation in force from year to year. The corporation ceased to do business in 1976, and its failure to pay its franchise taxes led to its charter forfeiture in October 1976. Before its business ceased, the corporation had six stockholders, held regular meetings, conducted its business by its officers and handled its money out of a corporate account without any commingling with the funds of individuals. The corporation regularly made reports due the State of Texas and the United States relative to unemployment taxes, withholding taxes, social security contributions and income taxes. When the stockholders made the decision to discontinue the business, the corporation owed the Small Business Administration approximately $7,000, owed Golden Wool Company approximately $2,500, owed Borg Corporation $500 and also owed local taxes. Golden and Borg forgave their claim. The Small Business Administration settled their claim for $3,000, which sum was borrowed by J. V. Nevitt from the Knights of Columbus. The same corporate assets were pledged to the Knights of Columbus as secured the prior loan from the Small Business Administration. J. V. Nevitt sold off some corporate assets but the proceeds were applied to reduce the loan. A Pinto automobile was transferred to Nevitt by the corporation in satisfaction of some of his unpaid salary, but the Pinto was also security for the purchase money mortgage. The record is sparse as to any further details relative to the assets involved or their fair values. The tax years delinquent are 1975, 1976 and 1977, of which 1976 and 1977 taxes are urged in the present suit and the 1975 tax is urged in a separate suit. In each suit, the corporation and Nevitt were named as defendant but only Nevitt was cited and only Nevitt appeared and answered. The State informally requested consolidation of all three delinquent tax claims into one suit, but the trial court, apparently equally informally, refused consolidation and, with like informality, tried this case as filed. On this record, the trial court entered judgment that the State take nothing against J. V. Nevitt and assessed all costs to the State.

■ The State urges that this record compels a judgment in its favor against J. V. Nevitt on three theories. First, the State urges that this record shows that the corporation was the "alter ego" of J. V. Nevitt, and, therefore, the corporation's taxes are his personal liability. We disagree. The "alter ego" theory requires that some showing be made that the corporation was used by the stockholder as a sham or device in the transaction in question and that equity should "look through" such "sham" to impose upon the stockholder the corporate obligation that was, in reality, his obligation. *See Taylor v. Standard Gas & Electric Co.*, 306 U.S. 307, 59 S.Ct. 543, 83 L.Ed. 669 (1939); *Bell Oil & Gas Co. v. Allied Chemical Corp.*, 431 S.W.2d 336 (Tex. 1968). The application of the "alter ego" theory in our case is improper absent a showing that there was any "sham" in the transaction wherein the State of Texas assessed the 1976 and 1977 taxes to the corporation. The record reflects that the corporation was the owner of the personal property assessed and had been the owner for all of the past years and past assessments. We do not find any evidence in the record that any of the stockholders did any act, or took any advantage, which could be labeled a "sham" and thus would warrant imposing the corporation's taxes on J. V. Nevitt.

■ The State also urges that J. V. Nevitt is personally liable for the corporation's taxes on the "trust fund" theory. We disagree. The "trust fund" theory contemplates that when a corporation becomes insolvent and ceases to do business, the officers and directors hold the corporate assets in trust for ratable distribution to creditors, and a failure to so act imposes personal liability upon such officers and directors. *See Fagan v. LaGloria Oil and Gas Co.*, 494 S.W.2d 624 (Tex.Civ.App.—Houston [14th Dist.] 1973, no writ). Our record admittedly reflects that the corporation ceased doing business even before its charter was forfeited in 1976 and, perhaps, reflects that the corporation was insolvent in the sense that the corporation was unable to pay debts as they became due. We do not know from the record the fair market value of the property pledged to the Small Business Administration and cannot conclude insolvency in the sense that debt exceeded assets. Nevertheless, the record fails to show the *absence of ratable distribution.* We have recited above that two creditors forgave their claims and one creditor discounted a claim from seven thousand to three thousand dollars. The corporate property pledged to secure the seven thousand dollar claim now only secures a three thousand dollar claim. Separately, the record reflects a Pinto automobile being transferred from the corporation to J. V. Nevitt in partial settlement of a salary claim. The State, while making this limited showing, fails to show the *value* of any asset involved in any particular application of corporate assets and, without values, there cannot be a showing that an application of assets was not, in fact, *ratable* as to the State and its claim for taxes.

■ The State lastly argues that J. V. Nevitt is personally liable for the corporation's taxes because of Tex.Rev.Civ.Stat. Ann. art. 7269 (Vernon 1960). Article 7269 provides:

In all cases where a taxpayer makes an assignment of his property for the payment of his debts, or where his property is levied upon by creditors, by writs of attachments or otherwise, or where the estate of a decedent is or becomes insolvent, and the taxes assessed against such person or property, or against any of his estate remain unpaid in part or in whole, the amount of such unpaid taxes shall be a first lien upon all such property; provided, that when taxes are due by an estate of a deceased person, the lien herein provided for shall be subject to the allowances to widows and minors, funeral expenses, and expenses of last sickness. Such unpaid taxes shall be paid by the assignee, when said property has been seized by the sheriff, out of the proceeds of sale in case such property has been seized under attachment or other writ, and by the administrator or other legal representative of decedents; and, if said

taxes shall not be paid, all said property may be levied on by the tax collector and sold for such taxes in whomsoever's hands it may be found.

This article does not purport to impose personal liability for taxes upon a third party who is neither the owner at the time of assessment nor, in fact, the assessed tax payer. Article 7269 merely imposes a *lien* upon the property assessed upon the occurrence of certain events. Our record does not show the occurrence of any event making article 7269 applicable. Moreover, the State did not seek to impose a lien by its suit against J. V. Nevitt, but only to impose a personal liability. Consequently, article 7269 does not apply. Thus, none of the theories upon which the State relies compels a judgment in favor of the State.

The State complains that the trial court erred in failing to consolidate the cause for 1975 taxes with this cause for 1976 and 1977 taxes. We have examined the record and do not find a motion by any party to consolidate or to obtain a "joint" trial, as bespoken by the State in its brief. Neither do we find in the record any order of the trial court denying consolidation. We do note that the evidence was restricted to the 1976 and 1977 taxes in keeping with the pleadings and that evidence was excluded as to 1975 taxes. We conclude that since no issue of consolidation was properly raised or presented in the trial court, and since no order was entered ruling on the issue of consolidation or "joint trial," we have nothing to review. If such issue was raised and ruled upon as urged by the State, we conclude that consolidation is a matter of discretion of the trial court and no abuse of such discretion is reflected in this record. *See Womack v. Berry*, 156 Tex. 44, 291 S.W.2d 677 (1956).

The State complains that the trial court erred in assessing costs to the state. We agree. Tex.Rev.Civ.Stat.Ann. article 7297 and article 7333 (Vernon 1960) provide that the taxing authority seeking delinquent taxes shall not be assessed costs. *See El Campo Independent School District v. Kimmey*, 571 S.W.2d 865 (Tex.1978). According to our record, no costs were incurred by Nevitt and only costs incurred *by* him may be assessed *to* him in a tax suit where Nevitt is successful. *Nacogdoches Independent School District v. McKinney*, 513 S.W.2d 5 (Tex.1974). Thus, we can neither affirm the assessment of costs to the State nor reverse and assess costs to Nevitt. Therefore, we are compelled to vacate that part of the judgment below assessing costs against the State but we do not assess costs to any party.

The parties to this appeal do not brief the "finality" of the judgment in the trial court despite the record's reflection that the State sued Nevitt Manufacturing Company, Incorporated and J. V. Nevitt while the judgment only disposes of the claim against J. V. Nevitt. In reliance upon *North East Independent School District v. Aldridge*, 400 S.W.2d 893 (Tex.1966); and *Gumpp v. Philadelphia Life Ins. Co.*, 562 S.W.2d 885 (Tex. Civ.App.—San Antonio 1978, no writ), we *presume* that some disposition, but not any particular disposition, was made of the suit against the corporation by the trial court, and the judgment is final for the purpose of this appeal *only*. We trust the trial court and counsel will make our presumption a verity by entering an appropriate order to clear the trial court's docket.

The judgment of the trial court that the State of Texas take nothing against J. V. Nevitt is affirmed. The judgment of the trial court assessing costs of suit to the State of Texas is vacated and no assessment of costs is made.