**AFFIRMED and Opinion Filed May 16, 2022**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-21-00208-CV

### SAMUEL T. RUSSELL, Appellant
### V.
### DALLAS COUNTY TAX AUTHORITY, Appellee

### On Appeal from the 14th Judicial District Court
### Dallas County, Texas
### Trial Court Cause No. DC-19-09405

## MEMORANDUM OPINION

Before Justices Partida-Kipness, Reichek, and Goldstein
Opinion by Justice Reichek

Samuel T. Russell, appearing pro se as he did below, appeals the trial court's order dismissing his suit without prejudice to refiling with the proper parties and allegations to support his claim. For reasons set out below, we affirm the trial court's order of dismissal.

## BACKGROUND

After Russell lost a delinquent tax suit brought against him by various taxing entities in Dallas County, s*ee Russell v. Dallas Co*., No. 05-17-01475-CV, 2019 WL 911713 (Tex. App.—Dallas Feb. 25, 2019, pet. denied) (mem. op.) (the "2017

1

Lawsuit"), he filed this trespass to try title action involving the same property. Russell named "Dallas County Tax Authority" as the sole defendant, alleging he had "squatter's rights" to the property located at 2758 Locust Street in Dallas, Texas, and DCTA unlawfully took the property from him pursuant to the judgment in the earlier tax suit. Russell wanted to "retain" the property without back taxes or recover the money he spent on property.

Over the next two years, Russell sought default judgments against DCTA based on attempted service on the law firm that represented the plaintiff-taxing units in the 2017 Lawsuit, Dallas County Clerk John F. Warren, and ultimately Dallas County Judge Clay Jenkins. DCTA did not file an answer. At a dismissal hearing on January 5, 2021, Russell appeared by telephone, and an attorney was present via Zoom "to observe" the proceedings on behalf of DCTA but stated DCTA had not been properly served.

The following day, the trial court issued a lengthy status order, setting out the history of the case, the history of the earlier-filed tax case, Russell's attempts to serve DCTA, and the problems with his petition. The trial court ordered Russell to amend his pleadings to state a legally cognizable basis for his claims and reset the case for the dismissal docket. The court warned that Russell's failure to appear at the dismissal hearing or failure to amend his pleadings as ordered would result in the case being dismissed.

Russell did not file an amended pleading and instead filed a 21-page reply to the court's order and renewed his request for default judgment. Thus, at the subsequent dismissal hearing, at which Russell appeared by Zoom via telephone, the trial court dismissed his case. In its order, the trial court stated as follows:

> The Court confirmed that the judgment in related Tax Case No. TX-17-00409 did not make the Dallas County Tax Authority the owner of the property located at 2758 Locust Street, Dallas, Texas 75216 (the Property) and Plaintiff Russell's Fourth Amended Petition in this case still does not have the proper parties and still does not meet the legal requirements for a trespass to try title case as to the Property. Accordingly, the undersigned finds this case should be dismissed without prejudice to the right of Plaintiff Russell to refile with the proper parties and allegations supporting his request; additionally, Plaintiff Russell was encouraged to seek legal counsel to assist him if he intends to proceed.

Russell appealed.

## DISCUSSION

In three issues, Russell contends the trial erred by (1) not granting one of his several motions for default judgment, (2) dismissing his lawsuit when "the rightful owners of the property had been served and filed no [a]nswer," and (3) denying him a jury trial. DCTA did not file a brief. [1]

## 1. Briefing Standards

Before turning to the merits of Russell's complaints, we first address his brief.

---

[1] This Court received a letter from the attorney representing the "Dallas County Taxing Units which were the subject of a lawsuit filed by Mr. Russell." The attorney stated that Russell failed to obtain service of process on any of the taxing units and further advised the Court that the taxing units would not be filing a response to the appeal "for the reason that they were never subject to the trial court's jurisdiction."

It contains seventy-six pages, excluding the appendix, and relies primarily on passing references to inapplicable authority and generally lacks clarity and substantive analysis to support his issues.

We construe the rules of appellate procedure reasonably, yet liberally, so that the right of appeal is not lost by imposing requirements not absolutely necessary to effect the purpose of the rule. *Morton v. Nguyen*, 412 S.W.3d 506, 509 (Tex. 2013). This includes how those rules apply to the pleadings and briefs of a pro se litigant. *In re N.E.B.*, 251 S.W.3d 211, 211–12 (Tex. App.—Dallas 2008, no pet.). At the same time, however, we hold pro se litigants to the same standards as licensed attorneys and require them to comply with applicable laws and rules of procedure. To do otherwise would give a pro se litigant an unfair advantage over a litigant represented by counsel. *Id*.

The Texas Rules of Appellate Procedure control the required contents and organization of an appellant's brief. *See* TEX. R. APP. P. 38.1; *ERI Consulting Eng'rs, Inc. v. Swinnea*, 318 S.W.3d 867, 880 (Tex. 2010). Under those rules, to present an issue to this Court, an appellant's brief must, among other things, concisely state all issues or points presented for review and "contain a clear and concise argument for contentions made, with appropriate citations to authorities and to the record." *See* TEX. R. APP. P. 38.1(f); *see also Pak v. Ad Villarai, LLC*, No. 05-14-01312-CV, 2018 WL 2077602, at *3 (Tex. App.—Dallas 2018, pet. denied) (mem. op.). Bare assertions of error, without argument or authority, waive error.

*Fredonia State Bank v. Gen. Am. Life Ins. Co.*, 881 S.W.2d 279, 284 (Tex. 1994) (explaining appellate court has discretion to waive points of error due to inadequate briefing). With this in mind, we turn to Russell's issues.

## 2. Failure to Grant Default Judgment

In his first issue, Russell contends the trial court erred by denying his many motions for default judgment.

A default judgment is improper against a defendant who has not been served in strict compliance with the law, accepted or waived service, or entered an appearance. TEX. R. CIV. P. 124; *Wilson v. Dunn*, 800 S.W.2d 833, 836 (Tex. 1990). The party requesting service must ensure that proper service is accomplished and that the record reflects proper service. *Id.* Without notice via the required service of citation or a waiver thereof, nothing short of a general appearance will confer personal jurisdiction upon the trial court. *Cotton v. Cotton*, 57 S.W.3d 506, 511 (Tex. App.—Waco 2001, no pet..

According to Russell's fourth amended petition, he filed the amended pleading to "correct service to the proper party." Although the petition names Dallas County Tax Authority as defendant, Russell sought service on Dallas County, "which may be served to Clay Jenkins, the Dallas County Judge, at 411 Elm St., Dallas, TX, 75202 or wherever he may be found." In his brief, Russell does not explain why service on County Judge Clay Jenkins would be proper as to "Dallas

County Tax Authority," nor has he made any legal authority to establish that he obtained proper service on any entity.

Our research has not revealed a separate legal entity known as the Dallas County Tax Authority; rather, our research shows it is a term sometimes used to collectively refer to the taxing units in Dallas County. *See e.g., Russell*, 2019 WL 911713, at *1 (Dallas County, City of Dallas, Dallas Independent School District, Dallas County School Equalization Fund, Dallas County Community College District, and Parkland Hospital District as "the taxing authorities"); *Pete Dominguez Enter., Inc. v. County of Dallas*, 188 S.W.3d 385, 386 (Tex. App.—Dallas 2006, no pet.) (same); *Roman Catholic Diocese of Dallas v. County of Dallas Tax Collector*, 228 S.W.3d 475, 477 (Tex. App.—Dallas 2007, no pet.) (same); *Dallas Co. v. Yellow Cab of Dallas, Inc.*, 573 S.W.2d 44, 45 (Tex. App.—Eastland 1978, writ ref'd n.r.e.) (referring to city of Dallas, Dallas County, and Dallas Independent School District as "Dallas County tax authorities). Based on our record, including the references in Russell's petition to "Defendants" and his reliance on the judgment in the 2017 Lawsuit to evidence ownership in DCTA, we surmise that Russell intended to include as defendants in this suit the same plaintiffs-taxing units as in the 2017 Lawsuit.[2]

---

[2] The 2017 Lawsuit was brought by Dallas County, the City of Dallas, Dallas Independent School District, Dallas County School Equalization Fund, Dallas County Community College District, and Parkland Hospital District.

While Jenkins, as county judge, is the proper party for service of process for Dallas County,[3] Dallas County was not a named defendant. Moreover, citation was issued to "DALLAS COUNTY TAX AUTHORITY BY SERVING CLAY JENKINS, COUNTY JUDGE." As the trial court noted in its January 6, 2021 status order and the record shows, service was executed by delivering the citation and petition to "DALLAS COUNTY TAX AUTHORITY, BY DELIVERING TO CLAY JENKINS, COUNTY JUDGE, WHERE THE DOCUMENT WAS ACCEPTED BY DOROTHY EVANS, AUTHORIZED AGENT FOR SERVICE OF PROCESS" in person. There is nothing in the record to show that Evans was authorized to accept service on behalf of Jenkins for Dallas County. But, assuming she was and Dallas County was therefore served, Russell does not explain how the substantive allegations in the pleadings put Dallas County on notice it was being sued. Moreover, the record does not show any attempts to serve the remaining taxing entities. *See* TEX. R. CIV. P. 17.024.

We note that, in his brief, Russell makes passing references to the fact that counsel for DCTA appeared at more than one of the dismissal docket hearings. He does not, however, present any argument to establish that the attorney took any

---

[3] In a suit against a county, citation must be served on the county judge. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 17.024(a).

action constituting a general appearance in the case.[4]  We conclude Russell has not shown he was entitled to default judgment.  We overrule his first issue.

## 3.  Dismissal Order

In his second issue, Russell contends the trial court erred by dismissing his suit when the "Appellees were the legally granted Property owners as noted" in the judgment in the 2017 Lawsuit.

Generally, a trial court has discretion to dismiss a case when a plaintiff refuses or fails to cure defects in pleadings following the sustaining of special exceptions. *See Cole v. Hall*, 864 S.W.2d 563, 566–67 (Tex. App.—Dallas 1993, writ dism'd w.o.j.).

Here, Russell does not attack the dismissal order with any substantive law or analysis.  Rather, his appeal is premised on his unsupported belief that the 2017 judgment — awarding delinquent taxes to the multiple taxing units in Dallas County and allowing an order of sale if a taxing unit so requested — has made those taxing units the owners of the property.  But, as the trial court noted in its order, the prior judgment "did not make the Dallas County Tax Authority the owner of the property." *See* TEX. R. CIV. P. 783 (setting out requisites of trespass to try title petition,

---

[4] The mere presence of a party or his attorney does not constitute a general appearance; rather, a party enters a general appearance when it (1) invokes the judgment of the court on any question other than the court's jurisdiction, (2) recognizes by its acts that an action is properly pending, or (3) seeks affirmative action from the court. *In re D.M.B.*, 467 S.W.3d 100, 103 (Tex. App.—San Antonio 2015, pet. denied); *Bradford v. Bradford*, 971 S.W.2d 595, 598 (Tex. App.—Dallas 1998, no pet.) (party who is "silent figurehead in the courtroom, observing the proceedings without participating," has not generally appeared).

including an allegation that "the defendant afterward unlawfully entered upon and dispossessed him of such premises, stating the date, and withholds from him the possession thereof). Because Russell has not provided any substantive analysis to support his position that "Dallas County Tax Authority" owns the property that is the subject of this suit or to show that he has pleaded a legally cognizable claim with the proper parties, we conclude this issue is inadequately briefed and is waived. *See* TEX. R. APP. P. 38.1(i); *see also Pak*, 2018 WL 2077602, at *3 ("We have no right or obligation to search through the record to find facts or research relevant law that might support an appellant's position because doing so would 'improperly transform this Court from neutral adjudicators to advocates.'").

For the reasons set out above, we conclude Russell has not shown that the trial court erred in dismissing his lawsuit. Having so concluded, we need not reach his complaint that the court erred in denying him a jury trial. *See* TEX. R. APP. P. 47.4.

We affirm the trial court's order of dismissal without prejudice.


/Amanda L. Reichek/
AMANDA L. REICHEK
JUSTICE

210208F.P05



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

SAMUEL T. RUSSELL, Appellant

No. 05-21-00208-CV     V.

DALLAS COUNTY TAX
AUTHORITY, Appellee

On Appeal from the 14th Judicial
District Court, Dallas County, Texas
Trial Court Cause No. DC-19-09405.
Opinion delivered by Justice
Reichek; Justices Partida-Kipness
and Goldstein participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellee DALLAS COUNTY TAX AUTHORITY recover its costs of this appeal from appellant SAMUEL T. RUSSELL.

Judgment entered this 16th day of May 2022.