Ricky J. FAUNCE, Appellant,

v.

NCNB TEXAS NATIONAL BANK, Appellee.

No. C14–92–00087–CV.

Court of Appeals of Texas, Houston (14th Dist.).

Dec. 23, 1992.

Rehearing Denied Jan. 28, 1993.

Carlos A. Peniche, Houston, for appellant.

Jay A. Taylor, Jeff Nobles, Houston, for appellee.

Before JUNELL, ROBERTSON and DRAUGHN, JJ.

## OPINION ON MOTION
## FOR REHEARING

ROBERTSON, Justice.

On motion for rehearing, the original opinion is withdrawn and this opinion is substituted. The motion for rehearing is overruled.

Appellee brought suit against appellant and his ex-wife for alleged non-payment of a balance due on a credit card. Appellant filed a pro se answer. Appellee filed, and the trial court granted, a motion for a default judgment alleging appellant had failed to answer. Appellant filed a motion for new trial upon receipt of notice of the default judgment. The trial court denied appellant's motion and he brings this appeal alleging the trial court erred in granting appellee's motion for default judgment and in denying his motion for new trial. We reverse and remand.

In his first point of error, appellant claims the trial court erred in granting appellee's no-answer default judgment because he had an answer on file. Appellee contends the trial court properly granted its motion because the letter sent by appellant to the court did not constitute a sufficient answer. Appellant, in his signed response, identified the cause of action, the parties and included his current address. The supreme court has found:

that a defendant, who timely files a pro se answer by a signed letter that identifies the parties, the case, and the defendant's current address, has sufficiently appeared by answer and deserves notice of any subsequent proceedings in the case.

*Smith v. Lippmann,* 826 S.W.2d 137, 138 (Tex.1992) (per curiam). Appellant's response met these requirements.

The record shows appellant did have a timely answer on file before the rendition of the default judgment alleging he had failed to answer. The findings of the trial judge in his denial of appellant's motion for new trial *states* appellant *had* timely filed an answer. Therefore, the default judgment rendered by the trial court was erroneous. A no answer default judgment may not be rendered after the defendant has filed an answer. *Davis v. Jefferies,* 764 S.W.2d 559, 560 (Tex.1989) (per curiam).

Appellee argues that even if appellant had answered, the trial court did not abuse its discretion in denying appellant's motion for new trial because appellant, in his motion for new trial, failed to satisfy the standards set forth in *Craddock v. Sunshine Bus Lines,* 134 Tex. 388, 393, 133 S.W.2d 124, 126 (1939). The *Craddock* standards do apply to post-answer default judgments. *Lopez v. Lopez,* 757 S.W.2d 721, 722 (Tex.1988) (per curiam); *Cliff v. Huggins,* 724 S.W.2d 778, 779 (Tex.1987); *Grissom v. Watson,* 704 S.W.2d 325, 326 (Tex.1986).

However, in all of the above cases, and in those cited by appellee in its original brief to this court and in its motion for rehearing, the defendant had not only answered but had also been notified of a trial setting. A post-answer default, as discussed in the cases cited, occurs when the defendant fails to appear at a trial setting and the plaintiff moves for default. Those are not the facts before this court. Appellant had an answer on file and the trial judge *still* entered a judgment of default based on appellee's motion for a no answer default judgment. The trial court's own findings indicated appellant had an answer on file. The trial court erred in granting the motion

for default judgment. *Davis,* 764 S.W.2d at 560. Appellant's first point of error is sustained.

As our disposition of appellant's first point of error is dispositive of this appeal we need not discuss his remaining points of error. We reverse the trial court's judgment and remand this cause for further proceedings consistent with this opinion.

JUNELL, J., not participating.