COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-04-003-CV
 
  
IN THE INTEREST OF
  
  
  
K.B.A., B.W.A., AND D.J.A., 
CHILDREN
 
------------
 
FROM THE 211TH 
DISTRICT COURT OF DENTON COUNTY
 
------------
 
OPINION
 
------------
        This 
is an appeal by the father of K.B.A., B.W.A, and D.J.A. from an order 
terminating his parental rights. In a pro se brief, appellant presents ten 
issues for review, asking whether his parental rights should be terminated when 
he filed a timely answer objecting to the termination and no hearing was set 
after the answer was filed; whether Denton County has jurisdiction under Texas 
Family Code sections 155.203 and 155.003 when the children in this case resided 
in Tucson, Arizona since August 2002; whether Denton County has continuing 
jurisdiction under Texas Family Code section 155.206 when “Foreign Judgment 
and Modification of Child Custody” petitions have been filed, with supporting 
affidavits, in the Superior Court of Arizona on November 25, 2003; whether 
Denton County has jurisdiction in this case when appellant, has resided in Pima 
County, Arizona since August 2003, when there are not any open cases keeping 
jurisdiction in Texas, and when the biological mother’s rights have been 
terminated due to her failure to answer or appeal the petition to terminate; 
whether the trial court should have granted an order of termination when 
appellant never received notice of a hearing date, when the record states 
testimony was duly reported by the court reporter, but no reporter was present, 
and when appellant never waived his right to a jury trial. We reverse.
Facts
        Appellant, 
his children, and the children’s maternal grandparents, appellees, all live in 
Arizona. The children lived in Texas with their mother in the past, but have 
lived in Arizona with appellees since August 2002. In their respective 
pleadings, both parties concede that the same Denton County district court 
issued a prior custody order granting appellees custody of the children sometime 
in 2002. However, the record does not contain any pleadings, documents, orders, 
or judgments from the prior proceeding.
        On 
October 27, 2003, appellees filed a petition in Denton County to terminate the 
parental rights of their daughter, the children’s mother, and appellant, the 
children’s father. Appellant answered by filing a letter with the district 
clerk denying the allegations in the petition, objecting to the adoption of the 
children by appellees, and requesting that the court dismiss the case or set a 
hearing to review the case seven months from the date of filing. In closing the 
letter, appellant requested that if the court did not dismiss the case, that it 
transfer the case to the appropriate jurisdiction in Tucson, Pima County, 
Arizona. The record does not contain an answer or any filings from the 
children’s mother.
        On 
December 18, 2003, the trial court heard the case. Neither appellant nor the 
biological mother appeared before the trial court. In a default judgment, the 
trial court ordered that the parental rights of appellant and the mother be 
terminated for failure to support the children for a one-year period preceding 
the termination filing. Appellant timely filed a motion to vacate the judgment 
and motion for dismissal without hearing on the grounds that he filed an answer, 
did not receive notice of the termination hearing, and filed a “Foreign 
Judgment and Modification of Child Custody” in Arizona on November 25, 2003.
Jurisdiction
        Because 
it is potentially determinative of the case, we must first determine whether the 
trial court had jurisdiction to hear the case. Appellant’s third through 
seventh issues challenge the trial court’s jurisdiction to render a default 
judgment. Because the custody of the children is the underlying issue in this 
case, jurisdiction is predicated on the Uniform Child Custody Jurisdiction and 
Enforcement Act ("UCCJEA"), which Texas adopted effective September 1, 
1999. In re S.L.P., 123 S.W.3d 685, 688 (Tex. App.—Fort Worth 2003, no 
pet.); In re Oates, 104 S.W.3d 571, 576 (Tex. App.—El Paso 2003, orig. 
proceeding); Saavedra v. Schmidt, 96 S.W.3d 533, 540-41 (Tex. 
App.—Austin 2002, no pet.). In appellant’s third and fourth issues he 
expressly challenges the jurisdiction of the trial court under chapter 155 of 
the Texas Family Code. However, chapter 155 applies to the transfer of 
proceedings within the state of Texas and appellant seeks to transfer the 
case to another state. Thus, chapter 155 of the Texas Family Code is 
inapplicable. Tex. Fam. Code Ann. 
§ 155.301 (Vernon Supp. 2004-05). Because appellant seeks interstate 
transfer, chapter 152 of the family code governs our review.
        All 
parties concede that the trial court had jurisdiction to make the initial 
custody determination sometime in 2002. Appellant does not challenge the initial 
jurisdiction of the trial court in the prior custody proceeding, but challenges 
the exclusive continuing jurisdiction of the trial court to enter the 
termination order in this case. A court of this state that has made a prior 
child custody determination has exclusive continuing jurisdiction over the 
determination until:
 
(1) a court of this state 
determines that neither the child, nor the child and one parent, nor the child 
and a person acting as a parent, have a significant connection with this state 
and that substantial evidence is no longer available in this state concerning 
the child's care, protection, training, and personal relationships; or
(2) a court of this state or a 
court of another state determines that the child, the child's parents, and any 
person acting as a parent do not presently reside in this state.
 
Tex. Fam. Code Ann. § 152.202 (Vernon 
2002).
        Whether 
a trial court has subject matter jurisdiction is a question of law reviewed 
under the de novo standard. Mayhew v. Town of Sunnyvale, 964 S.W.2d 922, 
928 (Tex. 1998). As the parties seeking to invoke the trial court's 
jurisdiction, appellees had the burden to allege facts that affirmatively showed 
the trial court had subject matter jurisdiction over their case. Tex. Ass'n 
of Bus. v. Tex. Air Control Bd., 852 S.W.2d 440, 446 (Tex. 1993). In 
determining whether jurisdiction exists, we look not to the merits of appellees' 
claims, but to the allegations in the pleadings. County of Cameron v. Brown, 
80 S.W.3d 549, 555 (Tex. 2002); MET-Rx USA, Inc. v. Shipman, 62 S.W.3d 
807, 810 (Tex. App.—Waco 2001, pet. denied). We accept them as true, and 
construe them in favor of the pleader. County of Cameron, 80 S.W.3d at 
555; MET-Rx USA, 62 S.W.3d at 810. Where the pleadings do not 
affirmatively demonstrate an absence of jurisdiction, a liberal construction of 
the pleadings in favor of jurisdiction is appropriate. Cont'l Coffee Prods. 
Co. v. Cazarez, 937 S.W.2d 444, 449 (Tex. 1996).
        It 
is uncontested that the father, children, and maternal grandparents, who have 
custody of the children, all live in Arizona. According to the appellees’ 
petition, they have had custody of the children for more than one year preceding 
the filing of the petition to terminate appellant’s parental rights. The 
pleadings also allege that the children’s mother is a resident of Arlington, 
Texas.
        Construing 
the pleadings in favor of a finding of jurisdiction, we hold that because the 
pleadings allege that one parent still resides in the State of Texas and because 
the trial court had previously entered an initial child custody determination 
regarding the children, the trial court retained exclusive continuing 
jurisdiction. Because one litigant, the mother, still resides in Texas, the 
Texas trial court that made the original child custody determination is the only 
court that has jurisdiction. See In re Forlenza, No. 03-0299, 2004 WL 
1536009, at *3-4 (Tex. July 9, 2004). We overrule appellant’s third through 
seventh issues.
Reporter’s Record
        In 
his ninth issue, appellant complains that the trial court erred by terminating 
his parental rights because no reporter’s record of the hearing exists. 
Appellant requested that the reporter’s record be made a part of the record on 
appeal, and the trial court’s judgment states that a record of the testimony 
during the termination hearing was reported by the court reporter. However, 
through no fault of appellant, the court reporter was unable to locate any 
record recorded in the matter heard on December 18, 2003.
        An 
appellant is entitled to a new trial when he timely requests the reporter’s 
record, and by no fault of the appellant, the reporter’s record has been lost 
or destroyed, is necessary for the appeal, and cannot be reconstructed. Tex. R. App. P. 34.6(f). Various courts 
of appeals have held that lack of a reporter’s record in a post-answer default 
judgment context requires reversal. See Best Buy RV, Inc. v. Galloway, 
No. 01-01-01110-CV, 2003 WL 302409, at *1 (Tex. App.—Houston [1st Dist.] Feb 
13, 2003, no pet.) (mem. op.) (reversing post-answer default judgment for lack 
of reporter’s record on appeal); Chase Bank of Tex., N.A. v. Harris County 
Water Control & Improvement Dist., 36 S.W.3d 654, 655-56 (Tex. 
App.—Houston [1st Dist.] 2000, no pet.) (op. on reh’g) (holding that lack of 
reporter’s record of post-answer default judgment requires reversal on appeal 
challenging sufficiency of the evidence); Carstar Collision, Inc. v. Mercury 
Fin. Co., 23 S.W.3d 368, 370 (Tex. App.—Houston [1st Dist.] 1999, pet. 
denied) (holding that if post-answer default judgment is rendered after 
presentation of evidence in the absence of the appellant and his attorney, 
failure to have the court reporter present to make a record constitutes 
reversible error because without a reporter's record, appellate court is unable 
to determine if sufficient evidence was submitted to support the judgment); Piggly 
Wiggly v. Turner, 577 S.W.2d 549, 550 (Tex. Civ. App.—Texarkana 1979, no 
writ) (holding that a party is entitled to reversal of default judgment if, in 
exercise of due diligence and through no fault of his own, he cannot obtain from 
court reporter a complete record of evidence, necessary to preserve his right of 
review, to present his points on appeal, and determine sufficiency of the 
evidence). Unlike a no-answer default judgment where a defendant admits the 
petition’s allegations by his failure to answer, a post-answer default 
judgment constitutes neither an abandonment of defendant’s answer nor an 
implied confession. Stoner v. Thompson, 578 S.W.2d 679, 682 (Tex. 1979). 
Therefore, judgment cannot be entered on the pleadings and the petitioner in 
such a case must offer evidence and prove his case. Id.
        The 
judgment of the trial court stated that a reporter was present and that the 
proceedings were duly recorded. Appellant requested that the reporter’s record 
be made a part of the record on appeal. The reporter contacted this court and 
stated that appellant had requested the record, that the reporter’s files 
showed that the case was heard on December 18, 2003, but that no recorded 
transcript could be found. Therefore, we sustain appellant’s ninth point which 
would potentially entitle appellant to a new trial. Tex. R. App. P. 34.6(f).
        Because 
appellant’s right to a reporter’s record and a new trial is necessarily 
conditioned on an appearance in the proceeding below, we must also address 
whether he filed an answer so that his answer entitled him to notice of the 
termination hearing.
Default Judgment
        In 
appellant’s first, second, eighth, and ninth issues, he complains that the 
trial court erred by entering a no-answer default judgment against him after he 
filed a timely answer and that the trial court erred by not notifying him of the 
dispositive hearing or trial setting.
        In 
response to the appellees’ termination petition, appellant filed a pro se 
letter with the trial court clerk on November 12, 2003. The signed, notarized 
letter was filed within the time allowed for an answer and identified the 
parties, the children, the trial court cause number of the case, and the 
parties’ current addresses.[1]  In the letter, 
appellant denied the allegations in the appellees’ petition to terminate and 
objected to the jurisdiction of the trial court.
        Despite 
the timely filing of appellant’s letter, the trial court entered a default 
judgment against appellant terminating his parental rights and finding that 
appellant “wholly made default.” In response, appellant timely filed a 
motion to vacate the default judgment and a motion for dismissal alleging that 
he did not receive notice of the trial setting. In his post-judgment motions and 
brief, appellant essentially contends that the trial court erred by not granting 
him a new trial.[2]
        Although 
appellant’s letter was not in the “standard form” of an answer, it 
nevertheless gave the court a timely response acknowledging receipt and 
acceptance of appellees’ citation and petition. See Smith v. 
Lippmann, 826 S.W.2d 137, 138 (Tex. 1992); see also Santex Roofing Sheet 
Metal, Inc. v. Venture Steel, Inc., 737 S.W.2d 55, 56 (Tex. App.—San 
Antonio 1987, no writ) (holding that “Texas courts have always been reluctant 
to uphold a default judgment without notice where some response from the 
defendant is found in the record”). It constituted an appearance in the matter 
and was sufficient to defeat a no-answer default judgment. See Hughes v. 
Habitat Apartments, 860 S.W.2d 872, 873 (Tex. 1993) (holding that pauper’s 
affidavit sufficed as pro se answer entitling defendant to notice of hearing); 
Lippmann, 826 S.W.2d at 138 (holding that a timely filed pro se letter from 
the defendant identifying parties, case, and defendant’s current address was a 
sufficient answer to defeat default judgment); Custom-Crete, Inc. v. K-Bar 
Serv., Inc., 82 S.W.3d 655, 658 (Tex. App.—San Antonio 2002, no pet.) 
(holding that letter of non-attorney corporate representative denying breach of 
contract claims, although defective, was sufficient answer to avoid no-answer 
default judgment); Faunce v. NCNB Tex. Nat’l Bank, 846 S.W.2d 876, 
877-78 (Tex. App.—Houston [14th Dist.] 1992, no writ) (op. on reh’g) 
(holding defendant’s signed letter identifying cause of action, parties, and 
defendant’s current address constituted timely pro se answer preventing entry 
of default judgment). Accordingly, we hold that appellant appeared by answer and 
was therefore entitled to notice of any subsequent proceedings in the case. Lippmann, 
826 S.W.2d at 138; Terehkov v. Cruz, 648 S.W.2d 441, 442 (Tex. App.—San 
Antonio 1983, no writ) (signed letters to clerk timely acknowledging receipt of 
citation sufficed as “pro se answer” to prevent default judgment).
        A 
default judgment should be set aside in any case in which the defendant 
demonstrates (1) that its failure to answer or appear was not intentional or the 
result of conscious indifference; (2) that it has a meritorious defense; and (3) 
that the granting of a new trial will not operate to cause delay or other injury 
to the plaintiff. Craddock v. Sunshine Bus Lines, Inc., 134 Tex. 388, 133 
S.W.2d 124, 126 (1939) (no-answer default); see also Dir., State Employees 
Workers' Comp. Div. v. Evans, 889 S.W.2d 266, 268 (Tex. 1994) (post-answer 
default); but cf. Carpenter v. Cimarron Hydrocarbons Corp., 98 
S.W.3d 682, 683-85 (Tex. 2002) (holding that Craddock does not apply to a 
motion for new trial filed after a summary judgment is granted on a motion to 
which the non movant failed to timely respond) and Ivy v. Carrell, 401 
S.W.2d 336, 338 (Tex. App.—Beaumont 1966), aff’d, 407 S.W.2d 212 
(Tex. 1966) (holding that trial court did not abuse its discretion by denying 
motion for new trial where movant did not prove that his failure to be present 
at trial was not due to his own negligence, and did not prove that he had a 
meritorious defense). The historical trend in default judgment cases is toward 
the liberal granting of new trials. Miller v. Miller, 903 S.W.2d 45, 47 
(Tex. App.—Tyler 1995, no writ). As such, where the elements of the Craddock 
test are satisfied, it is an abuse of discretion for the trial court to deny the 
defendant a new trial. Evans, 889 S.W.2d at 268.
        When 
a party receives no notice of a trial setting, he satisfies the first prong of Craddock 
and does not have to meet the remaining prongs of the test to be entitled to a 
new trial. Lopez v. Lopez, 757 S.W.2d 721, 723 (Tex. 1988) (per curiam); 
Mathis v. Lockwood, 132 S.W.3d 629, 631 (Tex. App.—Dallas 2004, pet. 
filed); Sharpe v. Kilcoyne, 962 S.W.2d 697, 701-02 (Tex. App.—Fort 
Worth 1998, no pet.). A no-answer default judgment may not be rendered after the 
defendant has filed an answer. Faunce, 846 S.W.2d at 877; Davis v. 
Jefferies, 764 S.W.2d 559, 560 (Tex. 1989) (per curiam).[3]  
Because the record shows appellant filed an answer before the rendition of the 
default judgment but included no evidence that he received notice of the 
hearing, he is entitled to a new trial.
        We 
hold that because appellant timely filed an answer and was entitled to notice of 
the trial setting, the trial court erred by failing to grant appellant’s 
request for a new trial. We sustain appellant’s first, second, and eighth 
issues.
Conclusion
        Having 
sustained appellant’s first, second, eighth, and ninth issues, we reverse the 
trial court’s judgment and remand the case for a new trial.
   
 
                                                                  TERRIE 
LIVINGSTON
                                                                  JUSTICE
  
 
PANEL A:   CAYCE, 
C.J.; LIVINGSTON and HOLMAN, JJ.
 
DELIVERED: August 24, 2004


NOTES
1.  A 
defendant's answer must be filed by 10:00 a.m. on the Monday next following the 
expiration of tewenty days after the date of service. Tex. R. Civ. P. 99(b). Here, there was 
no return of service so we do not know the precise date that appellant was 
served, but the petition was filed October 27, 2003 and appellant filed his 
answer on November 12, 2003. Thus, the answer was filed well within the time 
allowed.
2.  We 
treat appellant’s post-judgment motions as encompassing a motion for new trial 
for the purposes of appeal.
3.  
Additionally, the record contains no trial setting notice or order setting the 
case for trial.