Reversed and Remanded and Memorandum Opinion filed April 14, 2009













Reversed and Remanded and Memorandum Opinion filed April 14, 2009.

 

 

In The

 

Fourteenth Court of
Appeals

_______________

 

NO. 14-07-01011-CV

_______________

 

ROBERT W. JACKSON, Appellant

 

V.

 

TEXTRON FINANCIAL CORPORATION AND LONGAGRIBUSINESS LLC
N/K/A FARMTRAC NORTH AMERICA, Appellees

                                                                                                                                               


On Appeal from the 80th District Court

Harris County, Texas

Trial Court Cause No. 2004-58293

                                                                                                                                               


 

M E M O R A N D U M   O P I
N I O N

Appellant Robert
W. Jackson appeals from a default judgment in favor of appellees
Textron Financial Corporation (ATextron@) and LongAgribusiness LLC n/k/a Farmtrac
North America (AFarmtrac@).  Jackson contends that the
trial court erred by striking his second amended and verified answer, and by
signing a default judgment against him.  Jackson asserts that the trial court erred
because he had a live answer on file responding to Textron=s claim and was not
required to file an answer to Farmtrac=s counterclaim
against him.  We reverse and remand. 

 

Background

In its petition, Textron alleges that
Jackson, who owned and operated a tractor dealership in Tomball, signed a
dealer agreement with Farmtrac on May 30, 2001,
covering tractors supplied by Farmtrac.  Textron
alleges Jackson signed a separate contract with
Textron under which Textron provided financing for Jackson=s equipment purchases from Farmtrac.

Textron alleges that Jackson terminated his dealer agreement with Farmtrac in December 2003, but did not return Farmtrac=s equipment.  According to Textron, Farmtrac
recovered all of its equipment from Jackson=s inventory in April 2004, except for
six pieces that Jackson
asserted had been stolen.

Textron alleged that in July 2004,
Textron accelerated the maturity of Jackson=s unpaid balance under the finance
plan and demanded payment after Jackson
failed to make timely payments.  According to Textron, Jackson
did not tender payment in response to the demand; Textron made another demand
for payment in September 2004, and advised Jackson that it would pursue legal action if
he failed to pay all amounts due and owing.  Textron alleged Jackson again failed to
tender payment.

Textron filed an original petition against
Jackson in Harris County
district court on October 15, 2004, seeking to recover on a sworn
account.  The parties dispute whether this petition contained proper
verification to seek recovery on a sworn account.  Jackson, acting pro se, filed an
original answer containing a general denial on December 28, 2004.

Textron filed an amended and verified
petition on October 14, 2005, seeking to recover on a sworn account.  Jackson filed a first
amended and verified answer on December 13, 2005.

On January 24, 2006, Jackson
filed a third-party claim (which he labeled a Across-claim@) against Farmtrac
seeking damages for alleged negligence and indemnity for any damages Jackson owed to
Textron.  Farmtrac filed a general denial and
counterclaim against Jackson
on April 25, 2006, seeking recovery for breach of contract.

 

The trial court signed a scheduling
order on April 24, 2006, setting October 16, 2006 as the deadline for filing
amended pleadings.  Jackson
filed a second amended and verified answer on December 4, 2006 without seeking
or obtaining leave to do so.

Farmtrac and Textron filed a joint motion to
strike Jackson=s pleadings on January 24, 2007,
asserting two grounds: (1) his failure to appear at two depositions; and (2)
the untimely filing of his second amended and verified answer.  Jackson did not
respond.  The trial court signed an order on February 2, 2007, stating
that A[Jackson=s] Second Amended Verified Answer is
hereby stricken.@  The order does not strike all of Jackson=s pleadings.

Farmtrac and Textron filed a joint motion
seeking a default judgment on March 15, 2007, based upon their assertion that Athere is no verified denial on file to
refute Textron and Farmtrac=s sworn account.@  The trial court signed an
order on March 23, 2007, granting a default judgment against Jackson and
awarding damages in favor of Textron and Farmtrac.

Jackson filed a motion for new trial on
April 23, 2007.  On June 1, 2007, the trial court signed an order granting
Jackson=s motion and vacating the March 23
default judgment as to damages only.  

The case was called to trial on
August 20, 2007.  Textron and Farmtrac re-urged
their previous joint motion for default.  The trial court signed an order
on August 31, 2007, again granting Textron and Farmtrac
a default judgment against Jackson. 
This order is substantially similar to the one the trial court signed on March
23, 2007; it holds Jackson  liable to Textron and Farmtrac,
and awards damages of $126,561.05 plus post-judgment interest to Textron and Farmtrac.  Jackson
appeals from the August 31 default judgment.[1]

Analysis

 

Jackson contends that the trial court abused
its discretion in striking his second amended and verified answer.  Jackson further contends that default
judgment was improper as to Textron because he had a live answer on file
responding to Textron=s sworn account claim.  Jackson also contends
that default judgment was improper as to Farmtrac=s breach-
of-contract counterclaim because he was not obligated to file an answer to this
counterclaim.  We
address each issue in turn.

I.         
Order Striking Jackson=s Second Amended and Verified Answer

Jackson challenges the propriety of the
order striking his second amended and verified answer.  As a prerequisite
to presenting a complaint for our review, the record must show that the
complaint was made to the trial court by a timely request, objection, or motion
on which the trial court either ruled or refused to rule.  Tex. R. App. P. 33.1(a).

The filing of a timely motion for new
trial challenging a trial court=s order striking pleadings and entering judgment against the
complaining party is sufficient to preserve the complaint for our review. 
See Willis v. Willis, 826 S.W.2d 700, 702 (Tex. App.CHouston [14th Dist.]
1992, no writ); see also Wade v. Farmers Ins. Group, No. 14-01-00691-CV,
2002 WL 1404713, at *2 (Tex. App.CHouston [14th Dist.] June
27, 2002, no pet.) (not designated for publication). 
Jackson=s timely motion for new trial
objecting to the striking of his second amended and verified answer and
subsequent default judgment against him preserved his challenge to the trial
court=s order.  See Willis, 826 S.W.2d at 702.

Trial courts have authority to
establish the time within which pleadings may be filed.  Tex. R. Civ. P.
166.  Trial courts have implicit authority to impose sanctions for
violations of orders issued pursuant to Rule 166, so long as those sanctions
are just and appropriate.  See Koslow=s v. Mackie, 796 S.W.2d 700, 703-04 (Tex. 1990); Taylor
v. Taylor, 254 S.W.3d 527, 532 (Tex. App.CHouston [1st Dist.]
2008, no pet.).

We review a trial court=s sanction for violation of a
scheduling order for an abuse of discretion.  See Koslow=s, 796 S.W.2d at 704; Taylor, 254 S.W.3d at 532.  The
test for abuse of discretion is whether the trial court acted without reference
to any guiding rules and principles, or whether the act was arbitrary or
unreasonable.  See Koslow=s, 796 S.W.2d at 704; Taylor, 254 S.W.3d at 532.

 

The trial court signed a scheduling
order on April 24, 2006, setting October 16, 2006 as the deadline for filing
amended pleadings.  Jackson
filed a second amended and verified answer on December 4, 2006 without seeking
or obtaining leave to do so.  Farmtrac and
Textron filed a joint motion to strike Jackson=s pleadings on January 24, 2007 based
upon the untimely December 4 filing and, alternatively, Jackson=s failure to appear at two depositions. 
The trial court signed an order on February 2, 2007 stating that A[Jackson=s] Second Amended Verified Answer is
hereby stricken.@  The order does not state upon which of the two bases
proposed by Textron and Farmtrac the trial court
relied.

Because Jackson filed his second amended and verified
answer long after the trial court=s pleadings deadline of October 16,
2006, the trial court had implicit authority to impose just and appropriate
sanctions.  See Koslow=s, 796 S.W.2d at 704; Taylor, 254 S.W.3d at 532.  Since
untimely filing provides a legitimate basis for striking the pleading and the
trial court=s order struck only this pleading, we conclude that the trial court did
not abuse its discretion in striking this particular pleading.  See
Koslow=s, 796 S.W.2d at 704; Taylor, 254 S.W.3d at 532.[2] 

We overrule Jackson=s issue regarding the order striking
his second amended and verified answer.

II.       
No-Answer Default Judgment

Jackson challenges the propriety of
the default judgment entered against him in favor of Textron because he asserts
that he still had a live answer on file addressing Textron=s sworn account claim.  Jackson
also challenges the propriety of the default judgment entered against him in
favor of Farmtrac because he asserts that he was not
obligated to file an answer to Farmtrac=s counterclaim.  

 

The parties= arguments on appeal primarily
address the default judgment as being a no-answer default judgment.  The
record indicates that the only basis upon which Textron and Farmtrac
moved for default judgment was Jackson=s purported lack of a live
answer.  In the default judgment, the trial court granted Textron=s and Farmtrac=s motion, rendering what is
ostensibly a no-answer default judgment.  Thus, we analyze it as such.

A.       
Live Answer Addressing Textron=s Claim

Jackson challenges the propriety of
the default judgment entered against him in favor of Textron because he asserts
that he still had a live answer on file addressing Textron=s sworn account claim.  Jackson
contends that because the trial court=s February 2 order struck only his
second amended and verified answer, his first amended and verified answer filed
December 13, 2005 was revived and effective to foreclose a no-answer default judgment.

A no-answer default judgment may not
be rendered against a defendant who has filed an answer.  Faunce v. NCNB Tex. Nat=l Bank, 846 S.W.2d 876, 877 (Tex. App._Houston
[14th Dist.] 1992, no writ) (opinion on rehearing); see also Tex. R. Civ. P. 239.  The striking of a subsequent answer
revives the most recent prior answer so long as the prior answer is
substantially different from the stricken one.  See Vordenbaum
v. Ackerman, 393 S.W.2d 927, 929 (Tex. Civ. App._San
Antonio 1965), aff=d as reformed, 403 S.W.2d 362 (Tex. 1966); see also Carrillo v. Garzon, No. 14-94-00630-CV, 1995 WL 628156, at *5 n.1
(Tex. App._Houston
[14th Dist.] Oct. 26, 1995, no writ) (not designated for
publication).  Here, Jackson=s prior answer was substantially
different because it did not allege that (1) there were inaccuracies in the
amounts Textron charged Jackson; (2) Textron was paid by a third party for all
amounts sued upon; (3) Textron was seeking a Adouble recovery;@ (4) third party
criminal activity was a superseding intervening cause; and (5) Textron failed
to join all necessary parties.  See Vordenbaum,
393 S.W.2d at 929.

It is undisputed that the trial court=s February 2, 2007 order struck only Jackson=s second amended and verified answer
filed on December 4, 2006.  With regard to Textron=s sworn account claim, the trial
court=s action revived Jackson=s first amended and verified answer
filed on December 13, 2005, as his live answer.  See id.  

 

We reject Textron=s argument that a no-answer default
judgment was proper because Jackson=s first amended and verified answer
lacked the proper verification to properly address a claim on a sworn
account.  Jackson=s live answer defeats a motion for
no-answer default judgment regardless of whether the answer was verified. 
See Davis v. Jefferies, 764 S.W.2d 559, 560 (Tex. 1989) (per curiam)
(AA default judgment may not be
rendered after the defendant has filed an answer.@); Faunce, 846 S.W.2d at 877.  We do not address
the sufficiency of the verification found in Jackson=s first amended and verified answer. 

Because Jackson=s first amended and verified answer
was revived, the trial court erred by signing a no-answer default judgment
against him.  See Faunce, 846 S.W.2d at 877.

We sustain Jackson=s issue regarding
the trial court=s entry of a no-answer default judgment
against him in favor of Textron.

B.       
No Obligation to File an Answer to Farmtrac=s Counterclaim

Jackson challenges the propriety of
the default judgment entered against him in favor of Farmtrac
because he asserts that he was not obligated to file an answer to Farmtrac=s counterclaim.  Jackson
contends that he is deemed to have pleaded a general denial in answer to Farmtrac=s counterclaim by virtue of his previous appearance in this
civil action.

AWhen a counterclaim or cross-claim is
served upon a party who has made an appearance in the action, the party so
served, in the absence of a responsive pleading, shall be deemed to have
pleaded a general denial of the counterclaim or cross-claim . . . .@  Tex. R. Civ.
P. 92.

It is undisputed that Jackson made an
appearance in this civil action before the signing of either default judgment
against him.  Therefore, he is deemed to have pleaded a general denial in
response to Farmtrac=s counterclaim because the striking
of his second amended and verified answer left him with no written answer to
the counterclaim on file with the court.  See id.

 

We reject Farmtrac=s argument that a no-answer default
judgment was proper because Jackson=s deemed answer was not
verified.  Jackson=s deemed answer defeats a motion for
no-answer default judgment regardless of lack of verification.  See
Davis, 764 S.W.2d at 560; Faunce,
846 S.W.2d at 877.  We do not address whether (1) Farmtrac=s counterclaim is in fact a sworn
account claim; or (2) Jackson
was obligated to file a verified answer to refute Farmtrac=s counterclaim.   

Because Jackson is deemed to have answered Farmtrac=s counterclaim with a general denial, the trial court erred
by signing a no-answer default judgment against him on Farmtrac=s counterclaim.  See Faunce, 846 S.W.2d at 877.

We sustain Jackson=s issue regarding
the trial court=s entry of a no-answer default judgment
against him in favor of Farmtrac.

Conclusion

The trial court=s no-answer
default judgment is reversed, and the cause is remanded for further proceedings
consistent with this opinion.[3]

/s/        
William J. Boyce

Justice

 

 

Panel consists of Justices Frost,
Brown, and Boyce.

 














[1]          
We do not presume a default judgment to be an appealable
final judgment.  See Lehmann v. Har-Con Corp., 39 S.W.3d 191, 199-200
(Tex. 2001). 
A judgment that finally disposes of all remaining parties and claims based upon
a review of the record is final and appealable. 
Id. 
The August 31, 2007 default judgment is final because it addresses all relief
sought by Textron and Farmtrac against Jackson, and
disposes of Aany and all claims by Jackson against Textron or Farmtrac.@ 
Therefore, the default judgment is final and appealable,
and we have jurisdiction over Jackson=s
appeal.  See id.





[2]          
Given this holding, we need not address the alternative ground (discovery
sanctions) asserted in the motion for striking Jackson=s
second amended and verified answer because it is unnecessary to the disposition
of this appeal.  See Tex.
R. App. P. 47.1. 





[3]          
Jackson also
asserts on appeal that default judgment was erroneous if it was
intended as a discovery sanction.  As noted above, the only reason for
entry of the default judgment was the striking of Jackson=s
second amended and verified answer, and that action
did not support the subsequent entry of a default judgment for the reasons
explained above.